**Leslie Lynn BREEDING, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 07–87–0306–CR.**

Court of Appeals of Texas, Amarillo.

Dec. 16, 1988.

Discretionary Review Refused March 22, 1989.

Jeff Blackburn, Amarillo, for appellant.

Ed Hinshaw, Panhandle, for appellee.

Before REYNOLDS, C.J., and DODSON and PIRTLE, JJ.

PIRTLE, Justice.

Appellant was convicted of the offense of obstructing a highway. Tex.Penal Code Ann. § 42.03 (Vernon 1974). Punishment was assessed by the court at a fine of $510.00. He appeals his conviction by one point of error, contending that the trial court erred in overruling his exception to the information. He contends that the charging statute is a general statute in conflict with either of two specific statutes, discussed below, and that he has the right to be charged under the most narrowly applicable statute. For the reasons to follow, we affirm.

On April 17, 1987, the appellant and his wife stood in a public highway leading to the Pantex plant near Amarillo. Appellant testified that he was there for the specific purpose of blocking traffic and that he was doing so to convey his political point of view that the production of nuclear weapons at the plant was immoral. His first attempt at blocking traffic was unsuccessful because he had positioned himself in front of the exit portion of the security gate. He then repositioned himself in front of the entrance portion of the gate and knelt down. At this point the appellant was successful in preventing at least one vehicle from passing. The appellant was then approached by Connie Reed, Sheriff of Carson County, Texas, who announced to the appellant:

> "I am a peace officer. You are unreasonably obstructing the passage of persons, vehicles, or other means of conveyancing to, from, and in respect to property. I am asking and ordering you to move and to no longer obstruct this passageway."

The appellant and his wife refused to move whereupon they were arrested. Both appellant and his wife were subsequently charged with and convicted of obstructing a highway.

It is the appellant's contention that the charging statute, Section 42.03, is a general penal statute and that he should have been prosecuted under either of two specific statutes, Tex.Rev.Civ.Stat.Ann. art. 6701d, § 23(a) (Vernon Supp.1988) or § 81(c) (Vernon 1977). He argues that these statutes are irreconcilable and that the principles of statutory construction require that the more specific statute be applied in the instant case.

Appellant relies upon the rule that when certain statutes are considered to be *in pari materia* they should be construed together and, when harmonized, effect

should be given to the specific statute in preference to the general statute. *Ex parte Harrell,* 542 S.W.2d 169 (Tex.Crim. App.1976). He further argues that the rule mandates reversal if the more precise statute carries a lesser punishment. *Ex parte Harrell, supra.*

As a starting point, it is incumbent upon this Court to first determine whether the statutes at issue are indeed *in pari materia. Cheney v. State,* 755 S.W.2d 123 (Tex. Crim.App.1988). The doctrine of *in pari materia* is a principle of statutory interpretation which courts use to determine the intent of the Legislature in enacting particular statutes. The doctrine is defined and explained in the oft-quoted passage from 53 Tex.Jur.2d *Statutes,* § 186 (1964):

"It is a settled rule of statutory interpretation that statutes that deal with the same general subject, have the same general purpose, or relate to the same person or thing or class of persons or things, are considered as being in pari materia though they contain no reference to one another, and though they were passed at different times or at different sessions of the legislature.

In order to arrive at a proper construction of a statute, and determine the exact legislative intent, all acts and parts of acts in pari materia will, therefore, be taken, read, and construed together, each enactment in reference to the other, as though they were parts of one and the same law. Any conflict between their provisions will be harmonized, if possible, and effect will be given to all the provisions of each act if they can be made to stand together and have concurrent efficacy.

The purpose of the in pari materia rule of construction is to carry out the full legislative intent, by giving effect to all laws and provisions bearing on the same subject. The rule proceeds on the supposition that several statutes relating to one subject are governed by one spirit and policy, and are intended to be consistent and harmonious in their several parts and provisions. Thus, it applies where one statute deals with a subject in comprehensive terms and another deals with a portion of the same subject in a more definite way. But where a general statute and a more detailed enactment are in conflict, the latter will prevail, regardless of whether it was passed prior or or subsequently to the general statute, unless it appears that the legislature intended to make the general act controlling. *And, the rule is not applicable to enactments that cover different situations and that were apparently not intended to be considered together."* (Footnotes omitted, emphasis added.)

This principle is codified in Section 311.-026 of the Code Construction Act, Tex. Gov't Code Ann., §§ 311.001 *et seq.* (Vernon 1988), which provides:

"(a) If a general provision conflicts with a special or local provision, the provisions shall be construed, if possible, so that effect is given to both.

(b) If the conflict between the general provision and the special or local provision is irreconcilible, the special or local provision prevails as an exception to the general provision, unless the general provision is the later enactment and the manifest intent is that the general provision prevail."

This provision of the Code Construction Act is specifically made applicable to construction of penal statutes by Section 1.05 of the Texas Penal Code (Vernon Supp.1988).

It is well settled that where two statutes are found to be *in pari materia* particular effort should be made to harmonize and give effect to both statutes with the special or more specific statute governing the general statute in the event of any conflict. *Cheney v. State,* 755 S.W.2d 123 (Tex.Crim. App.1988); *Ex parte Wilkinson,* 641 S.W. 2d 927 (Tex.Crim.App.1982); *Alejos v. State,* 555 S.W.2d 444 (Tex.Crim.App.1977); *Ex parte Harrell,* 542 S.W.2d 169 (Tex. Crim.App.1976).

 It is equally clear that if two statutes do not deal with the same subject matter, persons or purpose, they are not considered to be *in pari materia* and each should be construed separately and in accordance with the plain wording of the

particular statute. *Cheney v. State,* 755 S.W.2d 123 (Tex.Crim.App.1988); *Christiansen v. State,* 575 S.W.2d 42 (Tex.Crim.App.1979); *Alejos v. State,* 555 S.W.2d 444 (Tex.Crim.App.1977). Therefore, it follows that before the rule is applied, a threshold analysis must be made to determine whether the statutes at issue are in fact *in pari materia.* In making that determination particular attention should be given to the object or purpose of the statutes at issue to determine whether those statutes are so closely related as to justify interpreting one in light of the other. Where the same conduct is proscribed by different statutes having different objectives the rule of *in pari materia* does not apply. *Alejos,* 555 S.W.2d at 444.

Our attention must, therefore, turn to an analysis of the statutes which the appellant contends are *in pari materia.* Appellant was charged with obstructing a highway which is denounced by Section 42.03 of the Penal Code. This statute provides:

(a) A person commits an offense if, without legal privilege or authority, he intentionally, knowingly, or recklessly:

(1) obstructs a highway, street, sidewalk, railway, waterway, elevator, aisle, hallway, entrance, or exit to which the public or a substantial group of the public has access, or any other place used for the passage of persons, vehicles, or conveyances, regardless of the means of creating the obstruction and whether the obstruction arises from his acts alone or from his acts and the acts of others; or

(2) Disobeys a reasonable request or order to move issued by a person the actor knows to be or is informed is a peace officer, a fireman, or a person with authority to control the use of the premises:

(A) to prevent obstruction of a highway or any of those areas mentioned in Subdivision (1) of this subsection; or

(B) to maintain public safety by dispersing those gathered in dangerous proximity to a fire, riot, or other hazard.

(b) For purposes of this section, "obstruct" means to render impassable or to render passage unreasonably inconvenient or hazardous.

An offense under Section 42.03 is a Class B misdemeanor punishable by (1) a fine not to exceed $1,000.00, (2) confinement in jail for a term not to exceed 180 days, or (3) both. Tex.Penal Code Ann. § 12.22 (Vernon 1974). It is clear from the above-quoted portion of the statute that the elements of this offense, as pertinent to the facts of this case, are as follows:

(1) A person

(2) without legal privilege or authority

(3) intentionally, knowingly, or recklessly

(4) disobeys a reasonable request or order to move

(5) issued by a person the actor knows to be or is informed is a peace officer

(6) to prevent obstruction of a highway.

The object or purpose of Section 42.03 is to promote public order by outlawing the unprivileged obstruction of any place used for the passage of persons or vehicles.

Tex.Rev.Civ.Stat.Ann. art. 6701d (Vernon 1977) is an act entitled "Uniform Act Regulating Traffic on Highways". *Id.* § 154. It is a comprehensive statute comprised of many sections having as its overall object or purpose the safety and regulation of traffic upon Texas highways. Section 21 of said statute provides that, except as otherwise specifically provided, this statute relates to the operation of vehicles upon highways. Section 23(a) of said statute provides:

"No person shall willfully fail or refuse to comply with any lawful order or direction of any peace officer invested by law with authority to direct, control, or regulate traffic."

An offense under § 23(a) is a misdemeanor punishable by a fine of not less than $1.00 nor more than $200.00. Tex.Rev.Civ.Stat. Ann. art. 6701d, § 143 (Vernon 1977). The elements of the offense proscribed by § 23(a) are as follows:

(1) A person

(2) willfully

(3) fails or refuses to comply with any lawful order or direction

(4) issued by any police officer who has authority to direct, control, or regulate traffic.

The obvious object or purpose of this section is to promote the authority of law enforcement officials to regulate traffic upon highways.

Section 81(c) of art. 6701d provides:

"No person shall stand in a roadway for the purpose of soliciting a ride, contribution, employment, or business from the occupant of any vehicle."

An offense under § 81(c) is a misdemeanor punishable by a fine of not less than $1.00 nor more than $200.00. Tex.Rev.Civ.Stat. Ann. art. 6701d, § 143 (Vernon 1977). The elements of this offense are:

(1) A person

(2) stands in a roadway

(3) for the purpose of soliciting a ride, contribution, employment, or business

(4) from the occupant of any vehicle.

The apparent object or purpose of this statute is to proscribe solicitation from the occupant of any vehicle.

From an analysis of the above statutes this Court is convinced that the rule of *in pari materia* is not applicable to the appellant's case. The statute under which the appellant was charged, Tex.Penal Code Ann. § 42.03 (Vernon 1974), and the two traffic regulation statutes to which he alludes, Tex.Rev.Civ.Stat.Ann. art. 6701d, §§ 23(a) and 81(c), are contained in different legislative acts, have different elements of proof, different penalties, and were obviously designed to serve different purposes and objectives. Although the same criminal activity could have been prosecuted under any of these statutes, none of these statutes can be described as a "special" statute. All of these statutes are general penal statutes describing offenses with the same particularity. Their object or purpose, however, focuses upon different aspects of criminal activity. Section 42.03 of the Penal Code regulates public order and decency, whereas Sections 23(a) and 81(c) of art. 6701d regulate traffic on highways.

Both the public order and decency statutes and the traffic regulation statutes are general in nature and are aimed at different aspects of criminal activity that may occur in a single transaction. There is no conflict between them that requires harmonization through the use of the *in pari materia* doctrine. Neither statute is so specific as to suggest that the Legislature intended that persons be prosecuted only under one statute or the other if prosecuted at all. Since neither staute can be described as a special statute, the prosecutor had the discretion to prosecute the appellant under the statute he believed to be more appropriate under the circumstances of this case.

Even assuming the doctrine of *in pari materia* is applicable to the statutes in question, it is clear that the appellant was prosecuted under the more specifically appropriate statute under the facts of this case. The appellant is accused of obstructing a highway, not solicitation or failure to obey a traffic control directive from a police officer.

In summary, we hold that the *in pari materia* doctrine is inapplicable in the instant case and that the appellant was charged and convicted under the appropriate penal statute. Accordingly, appellant's point of error is overruled and the judgment of the trial court is affirmed.