**Robert E. REED, Sr., Appellant,**

v.

**STATE OF TEXAS DEPARTMENT OF LICENSING AND REGULATION,
Appellee.**

No. 3–90–088–CV.

Court of Appeals of Texas,
Austin.

July 3, 1991.

Kenneth D. Brazle, New Braunfels, for appellant.

Molly Shannon, Asst. Atty. Gen., Austin, for appellee.

Before CARROLL, C.J., and JONES and SMITH, JJ.

PER CURIAM.

The issue in this cause is whether a statutory conflict exists between the judicial review provisions of the Administrative Procedure and Texas Register Act (APTRA) and the act regulating auctioneers (the licensing act). Tex.Rev.Civ.Stat.Ann. arts. 6252–13a, 8700 (Supp.1991). The Texas Department of Licensing and Regulation suspended appellant Robert E. Reed's auctioneering license on December 8, 1989, after a formal hearing. Reed did not file a motion for rehearing with the Department as required by APTRA, but instead sought judicial review from the district court of Comal County. The district court dismissed Reed's appeal for want of jurisdiction because no motion for rehearing was filed. We hold that no conflict exists between APTRA and the licensing act, and will affirm the judgment of the trial court.

Reed contends that a 1977 amendment to section 7(f) of the licensing act conflicts with the general requirement in section 16(e) of APTRA that a motion for rehearing is a prerequisite for an appeal.[1] In support of his contention, Reed points out that the amended licensing act in section 7(e) states that a hearing to deny, suspend, or revoke a license must be held in a manner consistent with APTRA, but no provision exists stating that judicial review must be consistent with APTRA. We find this argument unpersuasive.

In interpreting a statute, a court must diligently attempt to ascertain legislative intent and consider at all times the old law, the evil, and the remedy. Tex.Gov't Code Ann. § 312.005 (1988). In the construction of an act, a court should consider all laws *in pari materia,* that is to say, all laws related to the subject of the act and the general system of legislation of which the act forms a part. The court's objective is to ascertain the consistent purpose of the legislature in the enactment of laws and to carry out the legislative intent by giving effect to all laws bearing on the same subject, even if the laws were enacted at different sessions of the legislature. *Wintermann v. McDonald,* 129 Tex. 275, 102 S.W.2d 167, 171 (1937).

Section 1 of APTRA declares that it is "the public policy of this state to afford minimum standards of uniform practice and procedure for state agencies ... and to restate the law of judicial review of agency action." The intent of the legislature in enacting APTRA is clear, and the amendment of section 7(f) of the licensing act did not expressly repeal the application of APTRA to the Department.

When there is no positive repugnance between the provisions of old and new statutes and no express repeal of the old statute, the old and new statutes must be construed to give effect, if possible, to both statutes. *Wintermann,* 102 S.W.2d at 171. We have examined both statutes and determined that they are not mutually

---

1. Section 7(f) of the licensing act provides the following:

    If, after a hearing, the commissioner determines that a license should be denied, revoked, or suspended, the applicant or licensee has 30 days in which to appeal the commis-

    sioner's decision to the district court of Travis County or of the county in which the violation is alleged to have occurred.

    1977 Tex.Gen.Laws, ch. 314, sec. 1, § 7(f), at 843.

repugnant, and accordingly, we hold that no conflict exists between APTRA and the amended licensing act.

■ Our holding is supported by the Department's construction of the statutes. When the meaning of a statutory provision is unclear, in doubt, or ambiguous, the interpretation placed upon the provision by the agency is entitled to weight. Although not bound by the agency construction of a statute, we should give deference to the statutory interpretation of the agency administering the statute.[2]

■ The Texas Department of Labor and Standards issued rules for auctioneers on January 2, 1976, which specified that "a motion for rehearing is a prerequisite to an appeal."[3,4] Tex. Dep't of Labor & Stds., Rule 063.44.01.021(c) (1976) [16 Tex.Admin.Code § 67.21(c), since repealed] (not published in *Texas Register*); *see also* Tex. Dep't of Labor & Stds., Rule 063.44.01.023 (1976) [16 Tex.Admin.Code § 67.23, since repealed] ("Exhaustion of administrative remedies as described in §§ 67.21.–67.22 of this title ... are a prerequisite to judicial appeal from any determination made under the act.") (not published in *Texas Register*). Reed, however, argues that the promulgation of former section 67.21(c) constituted an ultra vires action by the Department because sections 7 and 9 of the amended licensing act limit the Department's authority to issue rules relating to the licensing process and the conduct of formal administrative hearings. We disagree.

Section 9 of the licensing act has not been amended since former section 67.21(c) of the auctioneering rules was adopted.[5] Section 7, however, was amended in 1977. 1977 Tex.Gen.Laws, ch. 314, sec. 1, § 7, at 842. The original provisions of section 7, in effect at the time section 67.21(c) of the auctioneering rules was adopted, did not contain any specific reference to APTRA or to the manner of appealing the commission-

**2.** It is no longer the law that the construction of a statute by the official charged with its administration should be sustained unless clearly erroneous. *See Slaughter v. Yoakum County*, 109 Tex. 42, 195 S.W. 1129, 1135 (1917); *Tolleson v. Rogan*, 96 Tex. 424, 73 S.W. 520, 524 (1903); *Calvert v. Humble Oil & Refining Co.*, 404 S.W.2d 147, 151 (Tex.Civ.App.1966), rev'd, 414 S.W.2d 172, 180 (Tex.1967). The supreme court currently requires only that weight be given to agency construction of statutes. *E.g., Calvert v. Kadane*, 427 S.W.2d 605, 608 (Tex.1968); *Slocomb v. Cameron Indep. School Dist.*, 116 Tex. 288, 288 S.W. 1064, 1066 (1926). If, however, the legislature reenacts without substantial change a statute of doubtful construction that has been previously construed by an agency charged with its execution, a court should ordinarily give the statute the same construction previously given by the agency. *Humble Oil & Refining Co. v. Calvert*, 414 S.W.2d 172, 180 (Tex.1967); *Stanford v. Butler*, 142 Tex. 692, 181 S.W.2d 269, 273–74 (1944).

**3.** In 1989 the legislature changed the name of the Texas Department of Labor and Standards to the Texas Department of Licensing and Regulation. 1989 Tex.Gen.Laws, ch. 1039, § 6.03, at 4231.

**4.** The Department of Licensing and Regulation has adopted current rules relating to the administrative sanctions that may be enforced against a person regulated by the department:

(h) If an administrative hearing is held, and the person wishes to dispute the administrative sanctions imposed, not later than the 30th day after the date on which the decision is final as provided by the Administrative Procedure and Texas Register Act, § 16(c), the person charged shall file a petition for judicial review contesting the fact of the violation and/or the administrative sanction. Judicial review is subject to the substantial evidence rule and shall be instituted by filing a petition with a Travis County district court as provided by the Administrative Procedure and Texas Register Act, § 19.

(i) A motion for a rehearing is a prerequisite for an appeal.

16 Tex.Admin.Code § 67.90(h), (i) (Supp.1991) (citations omitted); *see* Tex.Rev.Civ.Stat.Ann. art. 9100, § 17(d) (Supp.1991). The 1989 act provides that section 17 administrative penalties apply only to violations that occur after the effective date of the licensing act, September 1, 1989, so the current rules do not apply to this appeal. 1989 Tex.Gen.Laws, ch. 1039, §§ 6.06, .11, at 4231–32.

**5.** *Section 9 of the licensing act provides the following:*

The commissioner may make reasonable rules and regulations relating to the form and manner of filing applications for licenses, the issuance, denial, suspension, and revocation of licenses, and the conduct of hearings consistent with the provisions of The Administrative Procedures Act....

Tex.Rev.Civ.Stat.Ann. art. 8700, § 9 (Supp.1991).

er's decision. 1975 Tex.Gen.Laws, ch. 320, § 7, at 829. There is nothing in either section 9 or former section 7 of the licensing act that prohibited the Department from promulgating former section 67.21(c) pursuant to section 4(a) of APTRA, which provides for agency rulemaking.

■ We must presume that the legislature was aware of former section 67.21(c) when it amended section 7 of the licensing act in 1977. Once a statute is given a particular interpretation, a court is entitled to assume that the legislature has indicated its approval of the interpretation by failing to amend the statute. *Direlco, Inc. v. Bullock*, 711 S.W.2d 360, 363 (Tex.App. 1986, writ ref'd n.r.e.), cited with approval in *Robinson v. Central Texas MHMR Center*, 780 S.W.2d 169, 170 n. 4 (Tex.1989); *e.g., State v. Aransas Dock & Channel Co.*, 365 S.W.2d 220, 224 (Tex.Civ.App.1963, writ ref'd) ("Where an Act of the Legislature is ambiguous, the Courts are inclined to follow the administrative construction of the Act over a long period of time by the officials charged with its administration."). We detect nothing in the language of the amendatory act or its legislative history to indicate that the legislature intended to overrule former section 67.21(c).

■ It is a longstanding rule that failure to file a motion for rehearing required by statute or rule of procedure defeats jurisdiction of the appellate court. *E.g., Commercial Life Ins. Co. v. Texas State Bd. of Ins.*, 774 S.W.2d 650, 651 (Tex.1989); *Knodel v. Equitable Life Ins. Co.*, 221 S.W. 941, 942 (Tex.Comm.App.1920, jdgmt adopted); *see* APTRA § 16(e) ("a motion for rehearing is a prerequisite to an appeal"). Although the amended licensing act is not a model of clarity, both section 16(e) of APTRA and former section 67.21(c) of the Administrative Code required Reed to file a motion for rehearing. Reed's point of error is overruled.

■ In his brief Reed states two additional reasons why the district court erred in dismissing his appeal. He first contends that the Department's hearing examiner mislead him to believe that no prerequisites existed to an appeal from the order suspending his license. He claims that the Department has waived its right to rely on his failure to file a motion for rehearing and that the Department is estopped from asserting lack of jurisdiction. We cannot consider these claims, regardless of their merit, because a statement of facts has not been filed. The burden is on the appellant to see that a sufficient record is presented to show error requiring reversal, and it is the appellant's duty to cause the statement of facts to be filed with the clerk of the court of appeals. Tex.R.App. P.Ann. 50(d), 53(k) (Supp.1991). We cannot consider an item that is not a part of the record on appeal. *Nuby v. Allied Bankers Life Ins. Co.*, 797 S.W.2d 396, 398 (Tex. App.1990, no writ); *Gowan v. Reimers*, 220 S.W.2d 331, 336 (Tex.Civ.App.1949, writ ref'd n.r.e.); Tex.R.App.P.Ann. 50(a) (Supp. 1991).

Finally, Reed claims that if this Court affirms the judgment of the district court, he will be left with no remedy to challenge the deprivation of his property interest in his auctioneering license. *See* U.S. Const. amend. XIV, § 1; Tex. Const. Ann. art. I, § 19 (1984). He may well be correct. We are not aware of any federal or state constitutional guarantees that would resurrect the pre-existing remedies Reed has waived, nor has he provided authority for this proposition. In any event, Reed has not raised his constitutional challenges by points of error, and we need not consider them.

The district court's judgment dismissing the cause for want of jurisdiction is affirmed.