In re Lillian Marie VanDeWATER.[1]

No. 04–97–00560–CV.

Court of Appeals of Texas,
San Antonio.

March 25, 1998.

---

1. This original proceeding was initially styled as *VanDeWater v. Priest*. Tex.R.App. P. 52.1.

Lillian Marie VanDeWater, San Antonio, pro se.

Maureen McNiece, Frank R. Rivas & Associates, San Antonio, Stephen A. Katz, Jo Chris G. Lopez, Shaddox, Compere, Walraven & Good, P.C., San Antonio, for Appellee.

Before LÓPEZ, STONE and DUNCAN, JJ.

## OPINION

STONE, Justice.

This proceeding requires us to determine whether a trial court's ruling on the frivolity of an appeal must be made within the same time limits as its ruling on the indigency of an appellant. The relator, Lillian Marie

VanDeWater, timely perfected an appeal by filing an affidavit of inability to pay costs. The real parties in interest, Concepcion Solis and JoAnne Creed, timely contested the affidavit and alleged the appeal was frivolous. The trial court overruled the contest, but it nonetheless denied VanDeWater a free statement of facts under the authority of Section 13.003 of the Civil Practice and Remedies Code, regarding frivolous appeals. VanDeWater contends the trial court erred by failing to rule on the frivolity of her appeal within the time limits prescribed by Rule 40(a)(3)(E) of the Texas Rules of Appellate Procedure.[2] We agree.

## Background

VanDeWater sued Concepcion Solis for injuries sustained by VanDeWater's son in a car accident. The jury returned a take-nothing verdict in Solis's favor, and the trial court rendered judgment on the verdict on March 6, 1997. On June 3, VanDeWater timely filed an affidavit of inability to pay costs on appeal and formally requested preparation of the statement of facts. The court reporter, JoAnne Creed, timely filed a contest to the affidavit of indigency on June 6; and, on June 10, Solis timely filed a contest in which she also alleged the appeal was frivolous. On June 23, more than ten days after the first contest was filed, the trial court signed an order overruling the contest to the affidavit of indigency but denying VanDeWater a free copy of the statement of facts.

## Standard and Scope of Review

Mandamus issues only to correct a clear abuse of discretion or a violation of a duty imposed by law when there is no other adequate remedy at law. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992). A party has no adequate remedy at law when an underlying appeal would be meaningless. *See, e.g., National Union Fire Ins. Co. v. Ninth Court of Appeals*, 864 S.W.2d 58, 61 (Tex.1993). An abuse of discretion occurs when the trial court acts without reference to any guiding rules or principles or acts in an arbitrary or unreasonable manner. *Downer v. Aquama-*

---

**2.** We refer to the terminology, rules, and statutes in effect at the time this controversy arose.

*rine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985). While we defer to the trial court's decision on factual issues, we review legal issues de novo. *See Pony Express Courier Corp. v. Morris*, 921 S.W.2d 817, 820 (Tex.App.—San Antonio 1996, no writ) (citing *Walker*, 827 S.W.2d at 839–40). The real parties in interest agree this proceeding involves a question of law.

### Adequate Remedy

In the absence of a statement of facts, appellate review is generally limited to fundamental error. *See Krasniqi v. Dallas County Child Protective Servs.*, 809 S.W.2d 927, 933 (Tex.App.—Dallas 1991, writ denied); *Stine v. Koga*, 790 S.W.2d 412, 413 (Tex.App.—Beaumont 1990, writ dism'd by agr.). Thus, without a statement of facts, VanDeWater's appeal is a "useless exercise." *See National Union Fire Ins.*, 864 S.W.2d at 61 & n. 8; *see also Bryant v. Dutton*, 934 S.W.2d 713, 714 (Tex.App.—Houston [1st Dist.] 1996, orig. proceeding). We therefore conclude she has no adequate remedy at law.

### Abuse of Discretion

In construing Section 13.003 of the Civil Practice and Remedies Code, we follow the guidelines of the Code Construction Act. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 1.002 (Vernon Supp.1988) (referencing chapter 311 of the Government Code). We must therefore presume the statute is constitutional and effective in its entirety; the Legislature intended a just, reasonable, and feasible result; and the public interest prevails over private interests. TEX. GOV'T CODE ANN. § 311.021 (Vernon 1988). In construing a statute, whether or not ambiguous on its face, we may consider the legislation's objectives and consequences as well as circumstances surrounding enactment. *Id.* § 311.023.

Because rules of procedure have the same force and effect as statutes, we apply similar rules of construction. *Burrhus v. M & S Supply, Inc.*, 933 S.W.2d 635, 640 (Tex.App.—San Antonio 1996, writ denied); *see also* TEX. GOV'T CODE ANN. § 22.003(b) (Vernon 1988) (permitting rules of procedure "not inconsistent with the law"). For example, if a rule of procedure and a statute address the same subject matter and have the same general purpose, they are considered in pari materia and should be harmonized with each other. *Click v. Tyra*, 867 S.W.2d 406, 407–08 (Tex.App.—Houston [14th Dist.] 1993, orig. proceeding); *see also The Cadle Co. v. Butler*, 951 S.W.2d 901, 907 (Tex.App.—Corpus Christi 1997, n.w.h.); TEX. GOV'T CODE ANN. § 312.005 (Vernon 1988). Statutes are considered in pari materia even if they fail to reference each other or were passed at different times. *Wintermann v. McDonald*, 129 Tex. 275, 102 S.W.2d 167, 171 (1937); *Reed v. State Dept. of Licensing & Regulation*, 820 S.W.2d 1, 2 (Tex.App.—Austin 1991, no writ).

Under Rule 40, an appellant perfects a civil appeal by posting a cost bond or its equivalent, such as the affidavit of indigency described in Rule 40(a)(3). The rule specifically limits the time for ruling on a contest to the affidavit:

> If no contest is filed in the allotted time [within ten days of receiving notice of the affidavit], the allegations of the affidavit shall be taken as true. If a contest is filed, the court shall hear the same within ten days after its filing unless the court extends the time for hearing and determining the contest by a signed written order made within the ten day period. The court shall not extend the time for more than twenty additional days after the date of the order of extension. *If no ruling is made on the contest within the ten day period or within the period of time as extended by the court, the allegations of the affidavit shall be taken as true.*

TEX.R.APP. P. 40(a)(3)(E) (emphasis added); *see also Ramirez v. Packer*, 807 S.W.2d 728, 729 (Tex.1991) (filing of the first contest fixes the time for the trial court's ruling on multiple contests).

Rule 40 works in conjunction with Rule 53(j)(1), which describes when a free statement of facts is available in a civil case:

> In any case where the appellant has filed the affidavit required by Rule 40 to appeal his case without bond, and no contest is filed, or any contest is overruled, the court or judge upon application of appellant *shall*

*order* the official reporter to prepare a statement of facts, and to deliver it to appellant, but the court reporter shall receive no pay for same.

TEX.R.APP. P. 53(j)(1) (emphasis added); *see also* TEX.R.APP. P. 13(k) (entitling indigent appellant to a free "record").[3]

In 1993, the Legislature limited access to a free statement of facts by enacting Section 13.003 of the Civil Practice and Remedies Code:

(a) A court reporter shall provide without cost a transcript of the statement of facts for appealing a judgment from the court *only if:*

(1) an affidavit of inability to pay the cost of the appeal has been filed under the Texas Rules of Appellate procedure; *and*

(2) the trial judge finds:

(A) *the appeal is not frivolous; and*

(B) *the statement of facts is needed to decide the issue presented by the appeal.*

(b) In determining whether an appeal is frivolous, a judge may consider whether the appellant has presented a substantial question for appellate review.

Act of May 28, 1993, 73rd Leg., R.S., ch. 861, § 1, 1993 Tex. Gen. Laws 3374, 3374 (effective Sept. 1, 1993) (emphasis added), *amended by* Act of May 15, 1997, 75th Leg., R.S., ch. 467, § 1, 1997 Tex. Gen. Laws 1789, 1789 (effective Sept. 1, 1997) (codified at TEX. CIV. PRAC. & REM.CODE ANN. § 13.003 (Vernon Supp.1998)).[4]

Although Rule 40 and Section 13.003 do not reference each other and were not created at the same time, they both address an appellant's indigent status and an appellant's right to a free statement·of facts. Additionally, they were both designed to decrease the public costs of an indigent's appeal. *See Warminski v. Dear*, 608 S.W.2d 621, 623 (Tex.Crim.App.1980); Debate on Tex. S.B. 820, Senate Comm. on Jurisprudence, 73rd Leg., R.S. (April 20, 1993); Debate on Tex. S.B. 820, House Comm. on Judicial Affairs, 73rd Leg., R.S. (May 24 & 26, 1993). Because the rule and the statute share a common subject and purpose, they should be construed together.

If the rule and the statute were not harmonized, Rule 40 would require the trial court to order a free statement·of facts, regardless of the provisions of Section 13.003. *See* TEX.R.APP. P. 53(j)(1), 13(k). Conversely, if the provisions were not *in pari materia*, Section 13.003 would leave the trial court without any time lines for ruling within a period generally outside its plenary power.[5] Thus, when read together, the two provisions create the guiding rules and principles necessary for the trial court to properly exercise

---

**3.** The appellate rules of procedure now authorize perfection by notice of appeal only. TEX.R.APP. P. 25. Former Rules 40(a)(3)(E) and 53(j)(1) have been collapsed into current Rule 20.1, where subsection (i) limits the time for hearing a contest in the same fashion as the older rule:

(2) Time for Hearing. The trial court must either conduct a hearing or sign an order extending the time to conduct a hearing:
(A) within 10 days after the contest was filed, if initially filed in the trial court; or
(B) within 10 days after the trial court received a contest referred from the appellate court.
(3) Extension of Time for Hearing. The time for conducting a hearing on the contest must not be extended for more than 20 days from the date the order is signed.
(4) Time for Written Decision; Effect. Unless—within the period set for the hearing—the trial court signs an order sustaining the contest, the affidavit's allegations will be deemed true, and the party will be allowed to proceed without advance payment of costs.

TEX.R.APP. P. 20.1(i). The comment to the new rule references Section 13.003 without further discussion.

**4.** The current version of Section 13.003 applies to both a transcript (clerk's record) and statement of facts (reporter's record). TEX. CIV. PRAC. & REM.CODE ANN. § 13.003(a) (Vernon Supp.1998); *see also* TEX.R.APP. P. 34.1 (renaming portions of the appellate record). The new statute also permits the trial court to order preparation of the "transcript" to determine whether the appeal is frivolous and the record needed. TEX. CIV. PRAC. & REM.CODE ANN. § 13.003(c) (Vernon Supp.1998).

**5.** Generally, the trial court lacks jurisdiction to make substantive rulings outside its plenary power. *Escobar v. Escobar*, 711 S.W.2d 230, 231 (Tex.1986). As this case demonstrates, Rule 40 acts as an exception to the general rule. Because VanDeWater's timely motion for new trial was denied on March 17, the subsequent rulings occurred after the trial court's plenary power expired. *See* TEX.R. CIV. P. 329b(e).

its discretion under either the rule or the statute.

In this case, VanDeWater's affidavit of indigency was timely contested on June 6. *See* Tex.R.App. P. 40(a)(3)(C); *Ramirez*, 807 S.W.2d at 729. The trial court had ten days, until June 16, to continue its ruling or to decide whether VanDeWater was indigent and her appeal frivolous. *See* Tex.R.App. P. 40(a)(3)(E). The trial court did not act until June 23. By not acting within the time permitted by Rule 40, the trial court abused its discretion. *Cf. Watson v. Hart*, 871 S.W.2d 914, 920 (Tex.App.—Austin 1994, no writ) (holding order void because trial court ruled on indigency outside the time limits of Rule 40).

## Conclusion

Because VanDeWater has shown an abuse of discretion in the absence of an adequate remedy at law, we conditionally grant her petition for writ of mandamus. We direct the trial court to vacate its order denying VanDeWater a free statement of facts. The writ of mandamus will issue only if the trial court fails to comply. Once the trial court's order is vacated, the official court reporter should prepare and transmit those portions of the statement of facts previously requested by VanDeWater.

Dissenting opinion by DUNCAN, J.
Original Mandamus Proceeding[1]

DUNCAN, Justice, dissenting.

Must a court reporter prepare and file a free reporter's record if the trial court does not find that an indigent's appeal is frivolous under section 13.003 within the time prescribed by Rule 20.1(i), Tex.R.App.P., for ruling on a contest to an affidavit of indigence? The majority holds it must. But importing the Rule 20.1 contest deadline into section 13.003 is not mandated by the text of section 13.003 or its underlying legislative history; it is not required by Rule 20.1(i) or its underlying legislative history; and it has not been adopted in any published opinion. There

simply is no authority—binding or persuasive—supporting the majority's holding.

Because no authority supports its decision, the majority purports to base its holding on "the well-established rule of statutory construction known as in pari materia . . . ." *Click v. Tyra*, 867 S.W.2d 406, 407 (Tex. App.—Houston [14th Dist.] 1993, orig. proceeding). Under this rule, "[t]he object is to ascertain the consistent purpose of the Legislature in the enactment of laws, and to carry out the legislative intent, by giving effect to all laws bearing upon the same subject, although enacted at different sessions of the Legislature." *Wintermann v. McDonald*, 129 Tex. 275, 102 S.W.2d 167, 171 (1937); *see* Tex. Gov't Code § 311.023(4) (Vernon 1988) (codifying common law rule of construction). The doctrine thus mandates harmonization in the event of an actual or potential conflict. *See, e.g., Click*, 867 S.W.2d at 407–09. In *Click*, for instance, the court rejected the district clerk's argument that section 51.318 of the Texas Government Code entitled her to advance payment for preparing a clerk's record because the appellant's appeal bond filed pursuant to former Rule 46(b), Tex.R.App. P., was intended to cover this cost. *See Click*, 867 S.W.2d at 407–09. To construe the rule as the clerk argued would thus create a conflict between section 51.318 and former Rule 46(b) in contravention of the rule of *in pari materia. Id.*

Conversely, if there is no actual or potential conflict, "harmonization" is not required, and the court is required to give effect to the provisions of both statutes. *See, e.g., Reed v. State Dept. of Licensing & Regulation*, 820 S.W.2d 1, 2–3 (Tex.App.—Austin 1991, no writ). Therefore, the *Reed* court looked first at whether there was a conflict between the statute requiring a litigant to file a motion for rehearing in the administrative agency as a prerequisite to judicial review and another statute covering similar subject matter but failing to mention the motion for rehearing requirement. Discerning no conflict, the court simply enforced the motion for rehearing requirement. *Id.*

---

1. This original mandamus proceeding arises out of No. 94–CI–16260, styled *Van DeWater v. Solis*, in the 150th Judicial District Court of Bexar County, Texas.

In short, the rule of *in pari materia* requires "harmonization" only if there is an actual or potential conflict. *See, e.g., Texas Dept. of Public Safety v. Schaejbe,* 687 S.W.2d 727, 728 (Tex.1985) ("When an apparent conflict exists, it is the duty of the courts to resolve inconsistencies and effectuate the dominant legislative intent."); *Frizzell v. Cook,* 790 S.W.2d 41, 45 (Tex.App.—San Antonio 1990, writ denied) ("The courts must make every effort to harmonize inconsistent provisions, if any, in the statutes."); *Breeding v. State,* 762 S.W.2d 737, 739 (Tex.App.— Amarillo 1988, pet. ref'd) (" 'Any conflict between ... provisions [in enactments that are *in pari materia* ] will be harmonized, if possible, and effect will be given to all the provisions of each act if they can be made to stand together and have concurrent efficacy.' ") (quoting 58 Tex.Jur.2d *Statutes* § 186 (1964)). Absent an actual or potential conflict, the rule of *in pari materia* does not permit a court to rewrite a rule or statute because to do so would violate the rule prohibiting "[i]nterpretation by implication," which is "permitted only to supply obvious intent not expressly stated, and never to contradict nor add to a statute." *Commonwealth of Massachusetts v. United North & South Dev. Co.,* 140 Tex. 417, 168 S.W.2d 226, 229 (1942).

The majority's reliance on the rule of *in pari materia* is thus misplaced in this case since there is no actual or potential conflict between section 13.003's failing to provide a deadline for the findings it requires and Rule 20.1's providing a deadline for rulings on contests. But, the majority insists, the Rule 20.1 contest deadline must be applied or there is no deadline for making a section 13.003 finding. I disagree. If a deadline for making the section 13.003 findings is needed but not provided by the text of the statute, a "just and reasonable" time must be implied. *Cf.* Tex. Gov't Code Ann. § 311.021(3) (Vernon 1988) (requiring presumption that legislature intended "just and reasonable result" in enacting statute); *State v. Shoppers World, Inc.,* 380 S.W.2d 107, 110–11 (Tex. 1964) (if statute omits necessary element, court to construe statute to give effect to legislative intent). Therefore, the issue in this proceeding is whether the trial court's section 13.003 findings were made within a "just and reasonable" time.

VanDeWater does not argue the trial court's findings were not made within a "just and reasonable" time. She simply asserts, and the majority holds, the trial court's findings were untimely because they were not made by the Rule 20.1 contest deadline. But VanDeWater's argument, and the majority's holding, presage unreasonable results because they set the stage for unnecessary section 13.003 hearings and findings when events subsequent to the Rule 20.1 contest deadline preclude an appeal.

Assume, for instance, the day after a judgment is rendered against an indigent party, she files a notice of appeal, an affidavit of indigence, and a motion for new trial. Under the majority's holding, the appellee and the reporter must obtain the section 13.003 findings long before the trial court is required to rule on the indigent party's motion for new trial. If the trial court thereafter grants a new trial, it will moot the indigent's planned appeal and the necessity for a reporter's record, which will render the section 13.003 hearing and findings unnecessary. This result will plainly defeat the entire basis of section 13.003—to require the preparation of a free reporter's record only in cases in which it is needed to decide a nonfrivolous appeal.

But, if the Rule 20.1 contest deadline is unreasonable, what is a "just and reasonable" deadline within which the trial court must make section 13.003 findings? I believe this issue can only be decided on a case-by-case basis. Our new, more permissive rules governing the deadlines for filing a reporter's records make it difficult to tie a deadline to a request or filing deadline, and the various deadlines for filing restricted appeals, bills of review, and collateral attacks on void judgments make it impossible to tie a deadline to a judgment date. In short, the myriad of procedural possibilities, coupled with our lack of experience with section 13.003, render it unwise, if not impossible, to adopt a hard and fast rule at this stage. For instance, I can easily foresee a case in which an indigent appellant might fail to request or file a re-

porter's record timely but, long after the Rule 20.1 contest deadline has expired, she nonetheless becomes entitled to request the preparation of a free record, thus necessitating section 13.003 findings. *Cf. Gallagher v. Fire Ins. Exch.*, 950 S.W.2d 379 (Tex.App.—San Antonio), *rev'd*, 950 S.W.2d 370 (Tex. 1997)(per curiam).

In this case, therefore, I would not adopt a deadline for making section 13.003 findings. I would simply hold that, because the trial court's section 13.003 findings were made long before the deadline for filing the record in this court, and VanDeWater has made no showing that she has been harmed by the trial court's failure to make the findings earlier than it did, the trial court's section 13.003 findings were made within a "just and reasonable" time.

### ADEQUATE REMEDY BY APPEAL

I also must take issue with the majority's discussion of the adequacy of VanDeWater's appellate remedy. Citing *Krasniqi v. Dallas Cty. Child Protective Servs.*, 809 S.W.2d 927 (Tex.App.—Dallas 1991, writ denied), *cert. denied*, 503 U.S. 1006, 112 S.Ct. 1763, 118 L.Ed.2d 425 (1992); 504 U.S. 940, 112 S.Ct. 2274, 119 L.Ed.2d 201 (1992), and *Stine v. Koga*, 790 S.W.2d 412 (Tex.App.—Beaumont 1990, writ dism'd by agr.), the majority states that "[i]n the absence of a statement of facts, appellate review is generally limited to fundamental error." In fact, however, neither of the cited opinions says any such thing. Rather, both opinions recognize that appellate review in the absence of a reporter's record is limited to reversible error that can be demonstrated solely by reference to the clerk's record. *Krasniqi*, 809 S.W.2d at 933; *Stine*, 790 S.W.2d at 413 (both stating that absent statement of facts, appellate review "limited generally to complaints involving (1) errors of law; (2) erroneous pleadings and rulings thereon; (3) an erroneous charge; (4) irreconcilable conflict in jury findings; (5) summary judgments; and (6) fundamental error").

A correct analysis of the adequacy of VanDeWater's appellate remedy necessarily yields the conclusion that the appellate remedy is adequate to redress the error of which

VanDeWater complains in this mandamus proceeding—untimely section 13.003 findings—without a reporter's record of the trial on the merits. To reach this conclusion requires only three documents from the clerk's record—the affidavit of indigence, the first contest, and the trial court's 13.003 findings. A review of just these three documents establishes that the trial court's section 13.003 findings were not made by the Rule 20.1 contest deadline. Indeed, the adequacy of VanDeWater's appellate remedy is conclusively established by the majority's opinion in this mandamus proceeding. It is therefore transparently incorrect to say that VanDeWater's appellate remedy is a "useless exercise" in the absence of a reporter's record of the trial on the merits.

### CONCLUSION

Because the trial court's section 13.003 findings were made within a "just and reasonable" time, and because VanDeWater's appellate remedy is plainly adequate, the majority errs in conditionally issuing a writ of mandamus commanding the trial court to vacate its order containing the section 13.003 findings. I therefore respectfully dissent.