

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

September 18, 2006

The Honorable Bruce Isaacks
Denton County Criminal District Attorney
Post Office Box 2850
Denton, Texas 76202

Opinion No. GA-0461

Re: Whether an indigent parent is entitled to receive a free transcript of hearings and depositions in cases where the state initiates proceedings under chapter 262 of the Family Code (RQ-0459-GA)

Dear Mr. Isaacks:

You seek our guidance regarding "payment for transcripts in cases where the state initiates proceedings against a child's parents under chapter 262 of the Family Code wherein both parents have been deemed indigent by the court and granted appointed attorney ad litems."[1] Specifically, with respect to non-appellate transcripts, you ask:

> 1. Is an indigent parent entitled to free non-appellate transcripts of hearings and depositions? If so, is the official court reporter and/or contract court reporter required to produce same without compensation or is the county obligated to pay the court reporters' fees?

> 2. Does a District Court Judge have the authority to order the official court reporter to produce the requested non-appellate transcripts without extra compensation?

> 3. Does a District Court Judge have the authority to order the County to pay for non-appellate transcripts of hearings and depositions?

> 4. May the costs of non-appellate transcripts be assessed against the County as ad litem attorney's fees or expenses?

---

[1]Letter from Honorable Bruce Isaacks, Denton County Criminal District Attorney, to Honorable Greg Abbott, Attorney General of Texas (Mar. 1, 2006) (on file with the Opinion Committee, *also available at* http://www.oag .state.tx.us) [hereinafter Request Letter].

>       5.  May the costs of non-appellate transcripts, ordered by an attorney
>       ad litem, be assessed against the County under the authority of [Texas
>       Rule of Civil Procedure] 145?

Request Letter, *supra* note 1, at 2 (footnotes omitted).  Finally, with respect to appellate transcripts you ask:

>       Assuming an indigent parent perfects an appeal after the final
>       judgment was entered, under what circumstances, if any, is the
>       County obligated to pay for an indigent parent's appellate transcript?

*Id.* at 3.

## I.     Background

By way of background, you inform us that the "Texas Department of Family and Protective Services . . . , through the local District Attorney's Office, filed a suit affecting the parent-child relationship in which termination of the parent-child relationship was requested." *Id.* at 1.  You further inform us that both parents were deemed indigent by the court and were each appointed an attorney ad litem pursuant to section 107.013, Texas Family Code. *See id.*  Several depositions were conducted and adversarial hearings took place during the pendency of the suit, "but prior to trial or a final judgment." *Id.*  You tell us that court reporters (official court reporters and contract court reporters) took stenographic notes at these hearings and depositions. *See id.*  In preparing for the trial, the attorney ad litem for one of the parents requested the court reporters to provide transcripts of the hearings and depositions. *See id.* at 1–2.  You inform us that the official court reporter completed the transcripts and determined the cost to be $2,000.00. *See id.* at 2.  You state that the requesting attorney refused to pay, claiming that the indigent client was entitled to free transcripts in preparation for the trial. *See id.*

## II.    Legal Background

The United States Constitution provides many protections to those who are indigent. Through the protection of the Due Process and Equal Protection Clauses of the Fourteenth Amendment, indigent criminal defendants have been provided a free trial transcript for appeal, appointed counsel at trial and on appeal, and certain expert witnesses. *See Griffin v. Ill.*, 351 U.S. 12 (1956) (appellate transcripts); *Gideon v. Wainwright*, 372 U.S. 335 (1963) (appointed counsel at trial); *Douglas v. Cal.*, 372 U.S. 353 (1963) (appointed counsel on appeal); *Ake v. Okla.*, 470 U.S. 68 (1985) (expert witnesses).  In the context of civil proceedings, indigent individuals have been afforded access to the courts to pursue a divorce without the imposition of filing and process fees. *See Boddie v. Conn.*, 401 U.S. 371 (1971).

The Fourteenth Amendment also affords some protection to indigent parents when the civil context is a termination proceeding.  Specifically, the United States Supreme Court has recognized that "equal justice" guarantees an indigent parent in a termination proceeding the right to an appeal.

*See M.L.B. v. S.L.J.*, 519 U.S. 102, 107 (1996).[2] And borrowing from criminal jurisprudence, the Supreme Court has provided an indigent parent in a termination proceeding the right to counsel in some circumstances and held that a "clear and convincing" burden of proof standard is constitutionally required in parental termination proceedings. *See Lassiter v. Dep't of Soc. Servs. of Durham County, N.C.*, 452 U.S. 18, 32 (1981) (recognizing right to appointment of counsel when warranted by the character and difficulty of the case); *Santosky v. Kramer*, 455 U.S. 745, 767–70 (1982) (recognizing right to "clear and convincing" standard).

Texas provides an indigent parent facing termination of parental rights with a statutory right to counsel. *See* TEX. FAM. CODE ANN. § 107.013(a)(1) (Vernon Supp. 2006). And the Texas Supreme Court has held that the right to counsel includes the right to effective counsel. *See In re M.S., E.S., D.S., S.S., & N.S.*, 115 S.W.3d 534, 544 (Tex. 2003). One Texas court of appeals has held that the statutory right to counsel also includes the right to appointment of appellate counsel. *See In re T.V.*, 8 S.W.3d 448, 449–50 (Tex. App.—Waco 1999, no pet.). By statute, an indigent parent in Texas also has a right to a free trial transcript for an appeal. *See* TEX. FAM. CODE ANN. § 109.003(a) (Vernon 2002).

Despite any protection otherwise given to an indigent parent in a termination proceeding, we find no case, from Texas or any other state or federal jurisdiction, that considers non-appellate, pre-trial hearing or deposition transcripts. Similarly, no Texas statute expressly addresses the question. Consequently, we analyze the issue with reference to applicable constitutional principles.

## III.     Legal Analysis

### A.     Provision of non-appellate transcripts

The Due Process Clause of the Fourteenth Amendment to the United States Constitution provides that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1. Due process requires that a state not deprive an individual of a protected liberty interest without first providing appropriate procedural safeguards.[3] *See Mathews v. Eldridge*, 424 U.S. 319, 332–33 (1976). Once it is determined that due process applies, the question is what process is due. *See Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428 (1982).

The most basic requirement of procedural due process is the "opportunity to be heard . . . at a meaningful time and in a meaningful manner." *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965).

---

[2]The Supreme Court's "equal justice" principle in the *M.L.B.* decision is supported by both due process and equal protection concerns. *See M.L.B.*, 519 U.S. at 110, 120–24.

[3]Texas courts traditionally follow federal due process interpretations of federal due process issues. *See Univ. of Tex. Med. Sch. at Houston v. Than*, 901 S.W.2d 926, 929 (Tex. 1995) ("While the Texas Constitution is textually different in that it refers to 'due course' rather than 'due process,' we regard these terms as without meaningful distinction."). In addition, Texas courts have applied the *Mathews v. Eldridge* factors to determine whether due course of law was provided under the Texas Constitution. *See Than*, 901 S.W.2d at 930; *Merritt v. Harris County*, 775 S.W.2d 17, 21 (Tex. App.—Houston [14th Dist.] 1989, writ denied).

Procedural due process "unlike some legal rules, is not a technical conception with a fixed content unrelated to time, place, and circumstances." *Cafeteria & Rest. Workers Union Local 473 v. McElroy*, 367 U.S. 886, 895 (1961). Rather, it is flexible and calls for procedural protections as the particular situation demands. *See Morrissey v. Brewer*, 408 U.S. 471, 481 (1972); *see also Univ. of Tex. Med. Sch. at Houston v. Than*, 901 S.W.2d 926, 930 (Tex. 1995). Exactly what process is due is determined by the practical requirements of the circumstances.  To aid in that fact-intensive inquiry, the United States Supreme Court has established a balancing test to determine the dictates of procedural due process in each case. *See Mathews*, 424 U.S. at 335.  The three factors for consideration from *Mathews v. Eldridge* are:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirements would entail.

*Id.* (citing *Goldberg v. Kelly*, 397 U.S. 254, 263–71 (1970)).  Though the *Mathews* case did not involve a parental termination proceeding, its three-factor balancing test has been used as the test by which to determine the requirements of procedural due process in termination cases.  *See Santosky*, 455 U.S. at 757–58;  *Lassiter*, 452 U.S. at 27–34; *see also In re M.S., E.S., D.S., S.S., & N.S.*, 115 S.W.3d at 546–47; *In re E.L.T.*, 93 S.W.3d 372, 378 (Tex. App.—Houston [14th Dist.] 2002, no pet.).  While we believe the three-factor balancing test of *Mathews* and its progeny is the test to determine whether non-appellate transcripts should be provided at no cost to an indigent parent, we cannot answer your question.  The *Mathews* balancing test requires consideration and analysis of the facts and circumstances involved in any given case and that task is beyond the scope of the opinion process. *See* Tex. Att'y Gen. Op. No. GA-0370 (2005) at 7 (stating that resolution of fact questions is beyond the scope of the opinion process).  Moreover, consideration and analysis of the *Mathews* factors can be conducted only by the court presiding over the termination proceeding, subject to judicial review.

## B.  Costs of non-appellate transcripts

You also ask as part of your first question whether the court reporter is required to produce the non-appellate transcripts without compensation or whether the county is obligated to pay the court reporter's fees. *See* Request Letter, *supra* note 1, at 2.  Though they are more specific, most of your other questions make the same inquiry about the costs of the transcripts. *See id.* (questions 2–5).  Essentially, you want to know who pays for the non-appellate transcripts in the event a court were to determine that the transcripts should be provided at no cost to the indigent parent.  Because we cannot determine whether an indigent parent in a termination proceeding should even be provided the non-appellate transcripts, we can answer this cost inquiry only in a hypothetical sense.  We will therefore assume for this opinion that a trial court in a given case does decide an indigent parent should be provided the transcripts.

No statute or judicial opinion directly tells us who bears the costs of the transcripts. However, Texas statutes provide limited guidance in resolving the question. When a governmental entity initiates a suit to terminate the parent-child relationship, the proceeding occurs under title 5 of the Texas Family Code. Chapter 107, contained in title 5, provides that an attorney ad litem for a parent in a termination proceeding is entitled to "reasonable fees and expenses." TEX. FAM. CODE ANN. § 107.015(a) (Vernon Supp. 2006). The reasonable fees and expenses are to be paid by the parents unless the parents are indigent. See id. If the parents' indigence is demonstrated to the court, the attorney ad litem must be paid the reasonable fees and expenses from the county's general funds.[4] See id. § 107.015(c). We believe that section 107.015, though it does not directly address your question, places the burden of paying the costs of representing an indigent parent in a termination proceeding on the public through the general funds of the county. Where a court determines that the indigent parent should be provided the non-appellate transcripts at no cost, we believe the costs of the transcripts are a cost of representing the parent. The costs are therefore an expense of the proceeding under section 107.015 to be borne by the county rather than by the court reporter.

## C.    County's obligation for costs of appellate transcripts

Your final query relates to a county's responsibility for the costs of appellate transcripts for an indigent parent who appeals from a termination proceeding.

The Family Code provides that "[i]f the party requesting a statement of facts in an appeal of a suit has filed an affidavit stating the party's inability to pay costs as provided by Rule 20, Texas Rules of Appellate Procedure, and the affidavit is approved by the trial court, the trial court may order the county . . . to pay the costs of preparing the statement of facts." TEX. FAM. CODE ANN. § 109.003 (Vernon 2002). Rule 34 of the Texas Rules of Appellate Procedure refers to the "appellate record," which consists of the clerk's record and the reporter's record. See TEX. R. APP. P. 34. You are concerned with whether the costs shall be borne by the county or the court reporter. See Request Letter, supra note 1, at 3–4 (inquiring about obligations of the court reporter). Therefore we understand your query about an "appellate transcript" to mean the reporter's record (formerly known as the statement of facts).[5]

---

[4]Payment from the general funds of the county is to be paid "according to the fee schedule that applies to an attorney appointed to represent a child in a suit under Title 3 as provided by Chapter 51." TEX. FAM. CODE ANN. § 107.015(c) (Vernon Supp. 2006). Title 3 of the Family Code is the Juvenile Justice Code. See generally TEX. FAM. CODE ANN. tit. 3 (Vernon 2002 & Supp. 2006). Section 51.10 provides that a child in a juvenile proceeding may be represented at every stage of the proceeding. See id. § 51.10(a) (Vernon Supp. 2006). And section 51.10 authorizes the court to appoint an attorney for the child in certain circumstances. See id. § 51.10. Where the child's parents are unable to pay for the appointed attorney, the attorney "shall be paid from the general fund of the county" according to the schedule in article 26.05 of the Code of Criminal Procedure. Id. § 51.10(d), (i). The schedule in article 26.05 authorizes the appointed attorney for indigent criminal defendants to be paid reasonable attorneys fees for specified services under the requisite fee schedules developed by the various judges of each county. See TEX. CODE CRIM. PROC. ANN. art. 26.05(a)–(b) (Vernon Supp. 2006). Under article 26.05, the appointed counsel shall also be "reimbursed for reasonable and necessary expenses." Id. art. 26.05(d).

[5]"The appellate record consists of the clerk's record, and if necessary to the appeal, the reporter's record." TEX. R. APP. P. 34.1. The clerk's record is what used to be called the transcript and the reporter's record is formerly known

(continued...)

Rule 20 of the Texas Rules of Appellate Procedure provides that an indigent party who files an uncontested affidavit of indigence and a timely notice of appeal may proceed in an appellate court "without advance payment of costs." TEX. R. APP. P. 20.1(a). Where the appellant's indigence is established, "the trial court clerk and the court reporter must prepare the appellate record without prepayment." *Id.* 20.1(j). If the indigent appellant is later able to pay or makes a partial payment of the costs of the appeal, Rule 20 provides for the allocation of the payment to the officials to whom costs are due. *See id.* 20.1(k)–(*l*). Section 13.003, Civil Practice and Remedies Code, requires that the court reporter provide the reporter's record "without cost" to an indigent appellant whose affidavit is filed under the rules of appellate procedure. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 13.003(a) (Vernon 2002); *see also In re VanDeWater*, 966 S.W.2d 730, 733–34 (Tex. App.—San Antonio 1998, no pet.) (construing the predecessor to rule 20 of the Texas Rules of Appellate Procedure *in pari materia* with section 13.003). Thus, in the ordinary civil appeal the court reporter does not receive payment for the reporter's record unless and until the indigent appellant makes a partial payment or is later able to pay the costs.

When an appeal is taken from a suit affecting the parent-child relationship under title 5 of the Family Code, and the appellant has filed the affidavit of indigence under Texas Rule of Appellate Procedure 20, "the trial court may order the county in which the trial was held to pay the costs of preparing the statement of facts." TEX. FAM. CODE ANN. § 109.003(a) (Vernon 2002). The word "may" usually "creates permissive authority or grants permission or a power." TEX. GOV'T CODE ANN. § 311.016 (Vernon 2005) (Code Construction Act); *see also* Tex. Att'y Gen. Op. No. GA-0319 (2005) at 3. We find no indication in the statute that the word "may" has a mandatory meaning. Thus, under section 109.003 a court may, but is not required to, assess the costs of the court reporter's record to the county. A county is obligated to pay for the reporter's record for an indigent parent's appeal when it has been ordered to do so by the court.

---

[5](...continued)
as the statement of facts." *Shrepee v. State*, No. 01-96-01386-CR, 1998 WL 55283, at * 3 (Tex. App.—Houston [1st Dist.] Feb. 12, 1998, pet. ref'd).

## S U M M A R Y

The three-factor balancing test of *Mathews v. Eldridge* and its progeny is the legal test to determine whether non-appellate transcripts should be provided at no cost to an indigent parent in a state-initiated proceeding to terminate the parent-child relationship. Because of its fact-intensive nature, only the presiding court can conduct the appropriate *Mathews* analysis. In the event that a court were to find an indigent parent should be provided the non-appellate transcripts, we believe the costs of the transcripts are a cost of representing the parent and therefore an expense of the proceeding under section 107.015, Texas Family Code, to be borne by the county.

A county is obligated to pay for the court reporter's record for the indigent parent's appeal when it has been ordered to do so by the court under the Texas Family Code.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Charlotte M. Harper
Assistant Attorney General, Opinion Committee