COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:    Rafael Gurrusqueita Vega d/b/a Restaurante y Taqueria Altamirano v. Harris County, on behalf of itself and the Harris County Department of Education, the Port of Houston Authority of Harris County, the Harris County Flood Control District, and the Harris County Hospital District; City of Houston; Houston Independent School District; and Houston Community College System

Appellate case number:    01-11-00834-CV

Trial court case number:   2010-59315

Trial court:              270th District Court of Harris County

On September 23, 2011, appellant, Rafael Gurrusqueita Vega d/b/a Restaurante y Taqueria Altamirano, filed an affidavit of indigence in the trial court in the above-referenced appeal. *See* TEX. R. APP. P. 20.1(a). On September 27, 2011, the district clerk timely filed a contest to the affidavit.[1] *See* TEX. R. APP. P. 20.1(e). Therefore, the trial court was required to

---

[1]    In the contest, the district clerk argues that appellant failed to include all of the information required by Texas Rule of Appellate Procedure 20.1(b) and failed to file the affidavit or declaration and the certified copy of his trust account statement required by Texas Civil Practice and Remedies Code section 14.004. *See* Act of May 19, 1995, 74th Leg., R.S., ch. 378, § 2, 1995 Tex. Gen. Laws 2921, 2922–23, *amended by* Act of June 29, 2011, 82nd Leg., 1st C.S., ch. 3, §§ 12.01, 12.02, 2011 Tex. Sess. Law Serv. 116, 161 (West) (current version at TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.002, 14.004(a), (c) (West Supp. 2011)); TEX. R. APP. P. 20.1(b). An affidavit of indigence need not, however, specifically address all the items enumerated in Rule 20.1(b), so long as it provides sufficient information to prove by a preponderance of the evidence that the party is unable to pay costs on appeal. *See In re C.H.C.*, 331 S.W.3d 426, 429 (Tex. 2011); *Moreno v. Perez*, 363 S.W.3d 725, 742 (Tex. App.—Houston [1st Dist.] 2011, no pet.). Further, chapter 14 of the Civil Practice and Remedies Code was inapplicable to appellate court cases when appellant filed his affidavit of indigence. *See* Act of May 19, 1995, 74th Leg., R.S., ch. 378, § 2, 1995 Tex. Gen. Laws 2921, 2922, *amended by* Act of June 29, 2011, 82nd Leg., 1st C.S., ch. 3, § 12.01, 2011 Tex. Sess. Law Serv. 116, 161 (West) (current version at TEX. CIV. PRAC. & REM. CODE ANN. § 14.002 (West Supp. 2011));

either conduct a hearing or sign an order extending the time to conduct the hearing by October 7, 2011. *See* TEX. R. APP. P. 20.1(i)(2). Further, to properly sustain the contest, the trial court was required to sign an order sustaining the contest within the prescribed period for the hearing. *See* TEX. R. APP. P. 20.1(i)(4). The clerk's record does not reflect that the trial court signed an order extending the period for the hearing or ruled on the contest by October 7, 2011. *See id.* Instead, the record reflects that the trial court signed an order sustaining the contest on November 1, 2011—twenty-five days after the deadline had expired. *See* TEX. R. APP. P. 20.1(i)(2). Appellant, in a document styled "Defendant's Notice of Appeal," challenged the trial court's ruling on the contest to his affidavit of indigence on November 18, 2011. Because the order sustaining the contest was signed after the 10 days had expired, the trial court was without authority to sustain the contest and abused its discretion by signing the order. *See Ramirez v. Packer*, 807 S.W.2d 728, 729 (Tex. 1991); *In re VanDeWater*, 966 S.W.2d 730, 734 (Tex. App.—San Antonio 1998, no pet.). Accordingly, the allegations in the affidavit are deemed true, and appellant is entitled to proceed without advance payment of costs. TEX. R. APP. P. 20.1(i)(4).

The Clerk of this Court is **ORDERED** to make an entry in this Court's records that appellant is indigent and is allowed to proceed on appeal without advance payment of costs.

It is further **ORDERED** that the District Clerk file with this Court, within 30 days of the date of this order and at no cost to appellant, a clerk's record containing the items specified in Texas Rule of Appellate Procedure 34.5(a). *See* TEX. R. APP. P. 20.1(k).

It is further **ORDERED** that the Court Reporter file with this Court, within 30 days of the date of this order and at no cost to appellant, the reporter's record. *See id.*

Appellant's brief is **ORDERED** filed with this Court within 30 days after the later of the date the clerk's record is filed or the date the reporter's record is filed. *See* TEX. R. APP. P. 38.6(a). Appellee's brief, if any, must be filed within 30 days after the date the appellant's brief is filed. *See* TEX. R. APP. P. 38.6(b).

Judge's signature: /s/ <u>Justice Jim Sharp</u>
                     ☑ Acting individually     ☐ Acting for the Court

Date: July 19, 2012

---

*Jackson v. Tex. Bd. of Pardons & Paroles*, 178 S.W.3d 272, 277 (Tex. App.—Houston [1st Dist.] 2005, no pet.); *Nabelek v. Garrett*, 94 S.W.3d 648, 649 (Tex. App.—Houston [14th Dist.] 2002, order, pet. dism'd w.o.j.).