**Felma GALLAGHER, Appellant,**

v.

**FIRE INSURANCE EXCHANGE, Appellee.**

No. 04–95–00761–CV.

Court of Appeals of Texas, San Antonio.

Jan. 29, 1997.

Forrest N. Welmaker, Jr., Nolan Welmaker, Welmaker & Welmaker, P.C., San Antonio, for Appellant.

Gregg R. Miller, Hugh L. McWilliams, Burns, O'Gorman, McWilliams, Black & Weyand, LLC, San Antonio, John Milano, Jr., Law Office of John Milano, Jr., Dallas, for Appellee.

Before HARDBERGER, C.J., and RICKHOFF and DUNCAN, JJ.

## OPINION

DUNCAN, Justice.

Appellant, Felma Gallagher, appeals from a take nothing judgment entered against her. In two points of error, Gallagher argues that the trial court erred in failing to instruct the jury pursuant to article 21.19, TEX. INS.CODE ANN. (Vernon 1981), and in failing to submit a requested question. In two counterpoints, appellee, Fire Insurance Exchange, argues that Gallagher is estopped from asserting, and has waived, these errors because she failed to comply with Rules 40(a)(4) and 53(d), TEX.R.APP. P. We affirm.

### FACTS

On January 16, 1991, Gallagher's residence was burglarized. Gallagher filed a claim with her insurance company, Fire Insurance Exchange, for the loss. Fire Insurance Exchange denied the claim based on its belief that the loss did not occur as alleged; the extent of the loss, if any, was misrepresented in the proof of loss statement; and the condi-

tions of the policy had been violated by Gallagher's false statements.

Gallagher filed a breach of contract suit against Fire Insurance Exchange. The jury found that a loss had occurred but awarded no compensation "based on [its belief that] Felma Gallagher violated the basic conditions of her insurance policy, particularly the concealment fraud portion, thereby, voiding any reimbursements." The trial court entered a take nothing judgment against Gallagher but awarded her taxable court costs.

Gallagher appealed and requested the court reporter to include the direct and rebuttal testimony of only two of the witnesses, omitting voir dire examination and opening statements. On March 8, 1996, Gallagher filed a motion for leave to supplement the record, which was denied.

### DISCUSSION

Gallagher complains on appeal that the trial court erred in failing to instruct the jury and in failing to submit a requested question. Fire Insurance Exchange argues in its second counterpoint that Gallagher's failure to comply with the rules providing for a limited appeal prevents this court from finding reversible error.[1] We agree.

In order to review a complaint regarding the court's charge, a reviewing court must be provided with a complete statement of facts. *See Island Recreational Dev. Corp. v. Republic of Texas Sav. Ass'n,* 710 S.W.2d 551, 555 (Tex.1986). Gallagher, however, requested only a partial statement of facts and did not file "a statement of the points to be relied on," as required by Rule 53(d), TEX. R.APP. P. "An appellant must either comply with rule 53(d) or file a complete statement of facts; otherwise, it will be presumed that the omitted portions are relevant to the disposition of the appeal.... When an appellant has neither complied with rule 53(d) nor filed a complete statement of facts, the reviewing court is unable to ascertain whether a particular ruling by the trial court is harmful in the context of the entire case." *Christiansen v. Prezelski,* 782 S.W.2d 842, 843

(Tex.1990); *see also* TEX.R.APP. P. 50(d). Accordingly, we sustain Fire Insurance Exchange's second counterpoint and affirm the judgment.

---

1. Due to the dispositive nature of Fire Insurance Exchange's second counterpoint, we do not address its first counterpoint or Gallagher's points of error. TEX.R.APP. P. 90(a).