Felma GALLAGHER, Petitioner,

v.

FIRE INSURANCE EXCHANGE,
Respondent.

No. 97–0346.

Supreme Court of Texas.

July 9, 1997.

Forrest N. Welmaker, Jr., San Antonio, for Petitioner.

John Milano, Jr., Dallas, for Respondent.

PER CURIAM.

Felma Gallagher appeals the trial court's take-nothing judgment in her suit against Fire Insurance Exchange for breach of con-

tract. The court of appeals affirmed. 950 S.W.2d 379. We reverse the court of appeals' judgment and remand the case to that court.

Gallagher filed a claim against her homeowner's insurance policy following a burglary. After Fire Insurance Exchange denied her claim, she sued the company for breach of contract. The jury found that a theft loss occurred, but awarded Gallagher no damages. The trial court rendered a take-nothing judgment on the jury's verdict. Gallagher appealed.

Gallagher requested and filed an incomplete statement of facts. In its brief to the court of appeals, Fire Insurance Exchange argued that Gallagher failed to comply with the rules for limiting appeal, thus precluding reversal on the incomplete record. In response, Gallagher moved to supplement the statement of facts with the parts previously omitted. *See* TEX.R.APP.P. 55(b).[1] The court of appeals denied the motion without explaining its reasons. The appellate court then affirmed the trial court's judgment without discussing the merits, concluding that Gallagher could not show harm because the record was incomplete. 950 S.W.2d at 380. This was error.

The court of appeals noted correctly that " '[a]n appellant must either comply with rule 53(d) or file a complete statement of facts; otherwise, it will be presumed that the omitted portions are relevant to the disposition of the appeal.' " 950 S.W.2d at 380 (quoting *Christiansen v. Prezelski,* 782 S.W.2d 842, 843 (Tex.1990)). But Gallagher's failure to limit the appeal did not preclude her from supplementing the record.

In *Crown Life Insurance Co. v. Estate of Gonzalez,* 820 S.W.2d 121 (Tex.1991) (per curiam), we held that a court of appeals should grant pre-submission leave to supplement the record absent a finding of unreasonable delay. We concluded that ap-

---

1. Rule 55(b) provides:
    If anything material to either party is omitted from the transcript or statement of facts, before submission[,] ... the appellate court, on a proper suggestion or on its own initiative, may direct a supplemental record to be certified and transmitted by the clerk of the trial court or the official court reporter supplying such omitted matter. The appellate court shall permit it to be filed unless the supplementation will unreasonably delay disposition of the appeal.
    TEX.R.APP P. 55(b).

pellate courts must construe Rule 55(b) liberally so their decisions "turn on substance rather than procedural technicality." *Crown Life,* 820 S.W.2d at 121–22; *see also Silk v. Terrill,* 898 S.W.2d 764, 766 (Tex.1995) (per curiam) (reversing case in which court of appeals refused supplementation and then affirmed without reaching merits because "[j]udicial economy is not served when a case, ripe for decision, is decided on a procedural technicality of this nature"). This rule applies whether parts of the record were omitted by mistake or at appellant's request.

Here, as in *Crown Life,* the court of appeals affirmed the trial court's judgment without finding that supplementation would have caused an unreasonable delay. As we reasoned before:

> The court of appeals was correct in holding that, absent a complete record on appeal, it must presume the omitted [items] supported the trial court's judgment. For the court of appeals to affirm the trial court's judgment on the basis of omitted items after having denied pre-submission supplementation of those items without having determined that such would unreasonably delay disposition of the appeal, however, offends the spirit of [Rule 55(b) ].

*Crown Life,* 820 S.W.2d at 122 (citation omitted).

Accordingly, the Court grants Gallagher's application for writ of error and, without hearing oral argument, reverses the court of appeals' judgment and remands the case to that court for consideration of the merits. *See* TEX.R.APP.P. 170.