Opinion Issued April 25, 2002













In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-01-00121-CV

___________


LEONARD J. HAUSENBAUER, Appellant


V.


VOX POPULI TELECOMMUNICATIONS, INC., Appellee






On Appeal from the 151st District Court

Harris County, Texas

Trial Court Cause No. 97-59184






O P I N I O N


 Appellant, Leonard J. Hausenbauer, appeals from a judgment awarding
appellee, Vox Populi Telecommunications, Inc. (Vox), damages, attorney's fees, and
a permanent injunction. We affirm. 

BACKGROUND

 Vox is a telecommunications company in which Hausenbauer was a minority
shareholder, officer, and director. He was primarily responsible for Vox's financial
management. On December 10, 1996, Hausenbauer resigned as an officer of Vox. 

 On January 9, 1997, Hausenbauer closed Vox's checking account and
withdrew all of the corporate funds without authorization. This unauthorized
withdrawal caused Vox to lose sales representatives and customers and caused an
injury to Vox's reputation. Vox removed Hausenbauer from the board of directors
on January 10, 1997. After resigning as an officer of Vox and being removed as a
director, Hausenbauer sent several letters, which were adverse to Vox's interests, to
its customers, banking institutions, and corporate attorney. He also filed an
unauthorized bankruptcy on behalf of the company. 

 After a bench trial, the trial judge found that Hausenbauer had engaged in
harmful conduct in breach of his fiduciary duty to Vox and interfered with Vox's
business relations and that Hausenbauer's actions were intended to harm Vox. The
trial judge ordered Hausenbauer to forfeit and return all stock certificates in his
control or possession to Vox, to be permanently enjoined from misrepresenting
himself as a fiduciary of Vox, and to pay Vox $20,000 in attorney's fees. 

ANALYSIS 

 Hausenbauer did not pay for the entire reporter's record in this case, and thus,
he has failed to provide this Court with a complete record of the bench trial. After
notice to Hausenbauer, we ordered this case taken with the reporter's record on file
as of November 30, 2001. See Tex. R. App. P. 37.3(c).

 In points of error one through seven and nine, Hausenbauer contends that the
trial judge erred in her findings of fact because the evidence at trial did not support
such findings. When an appellant complains about the factual or legal sufficiency of
the evidence, he must furnish the appellate court with a full reporter's record to show
that the trial judge's judgment was erroneous. See Schafer v. Conner, 813 S.W.2d
154, 155 (Tex. 1991). Because only one of two volumes of the reporter's record is
before this Court, we presume the omitted portions are relevant to disposition of the
appeal and favor the trial judge's disposition. See Gallagher v. Fire Ins. Exch., 950
S.W.2d 370, 370 (Tex. 1997) (quoting Christiansen v. Prezelski, 782 S.W.2d 842,
843 (Tex. 1990)). We overrule Hausenbauer's points of error one through seven and
nine.

 In his eighth point of error, Hausenbauer contends that the trial court lacked
jurisdiction to consider the present case because of a pending bankruptcy. However,
because we do not have a complete reporter's record on appeal, we cannot consider
this point. See Gallagher, 950 S.W.2d at 370. We overrule Hausenbauer's eighth
point of error.

 We affirm the judgment. 

 Murry B. Cohen

 Justice


Panel consists of Justices Cohen, Nuchia, and Smith. (1) 

Do not publish. Tex. R. App. P. 47.

 
1. The Honorable Jackson B. Smith, retired Justice, Court of Appeals, First
District of Texas at Houston, participating by assignment.