In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-048 CV


____________________



ROBERT COLEMAN, Appellant



V.



RONNIE CARPENTIER, Appellee






On Appeal from the 258th District Court


San Jacinto County, Texas


Trial Cause No. 9121






OPINION


 Ronnie Carpentier had a dispute with Coleman Construction Company regarding the
cost of repairs and improvements to Carpentier's San Jacinto County real property. (1) As
a result, Robert Coleman, Inc., in 1987, placed a Mechanic's and Materialman's Lien
against Carpentier's property in the amount of $3,089. On September 9, 1988, Carpentier
filed suit (Cause No. 7841) against Robert Coleman, Inc. for slander of title. On
September 8, 1989, the San Jacinto County District Court entered judgment in favor of
Carpentier and against Robert Coleman, Inc. in the amount of $135,000.00, plus post-judgment interest and costs. 

 In an attempt to collect on the unsatisfied judgment, on September 30, 1993,
Carpentier filed an original and later a first amended "Application for Turnover, for
Appointment of a Receiver and for Injunctive Relief." The application sought to prevent
Robert Coleman, Inc., the judgment debtor, from placing property available to satisfy the
judgment outside of the reach of lawful process of the court. The first amended
application for turnover joined as additional parties the following: Robert Coleman, Robert
C. Coleman, Triple B Enterprises, Inc., and Coleman Cattle Co., Inc. The amended
application alleged that the judgment debtor was attempting to hide assets and avoid paying
the judgment by utilizing the other named entities. (2) The application sought the
appointment of a receiver and injunctive relief. 

 While the turnover application was still pending, on February 15, 1996, Carpentier
filed an original and later a first amended petition (Cause No. 9121) against Coleman
Cattle Co., Inc. a/k/a Coleman Cattle Company, Inc., a/k/a Coleman Cattle, Inc., and
Coleman Cattle Company, and Robert C. Coleman, Individually. The petition sought to
set aside alleged fraudulent conveyances of real estate by the Coleman entities to hide
assets and avoid paying the judgment; asked the court to apply the alter ego doctrine to the
various Coleman entities; and asked the court to find that the individuals operated the
corporate entity as a sham to perpetuate a fraud. The trial court ordered Cause No. 7841
to be consolidated with Cause No. 9121. The Coleman entities pleaded several allegedly
applicable statutes of limitations and filed a counterclaim, seeking damages for bad faith
litigation. Carpentier then moved for, and was granted, summary judgment. See Coleman
Cattle Co. v. Carpentier, 10 S.W.3d 430, 431-32 (Tex. App.--Beaumont 2000, no pet.). 
The trial court's order declared certain real estate transfers void and found that Robert
Coleman was the alter ego of Robert Coleman, Inc. and Triple B. Id. at 432. On appeal,
this Court reversed and remanded for trial, holding that matters related to allegedly
fraudulent conveyances and the disregarding of the corporate entity should be determined
by a trier of fact. Id. at 434-35. A jury trial was held, and the jury found Robert Coleman
responsible for the conduct of Robert Coleman, Inc. The judgment recites that Robert
Coleman, being the alter ego of Robert Coleman, Inc., is responsible for the 1989
judgment debt of Robert Coleman, Inc. On all other allegations, the jury found in favor
of the Coleman entities. The trial court entered judgment that Robert Coleman was liable,
jointly and severally, with Robert Coleman, Inc. for the judgment debt of $135,000.00 plus
interest and costs. 

Coleman's Non-compliance with Appellate Rule 34.6(c)(1)

 We first address Carpentier's contention that the trial court's judgment should be
summarily affirmed due to Coleman's failure to comply with the requirements of Tex. R.
App. P. 34.6(c)(1). That rule provides that if an appellant requests only a partial reporter's
record, the appellant must include in the request a statement of the points or issues to be
presented on appeal, and, that in the appeal, appellant will be limited to these points or
issues. The record shows Coleman requested that portion of the reporter's record
pertaining only to the objections to the charge and the motion for directed verdict. No
statement of points or issues was, or ever has been, filed by Coleman.

 Rule 34.6(c)(4) requires the appellate court to presume that the partial reporter's
record designated by the parties constitutes the entire record for purposes of reviewing the
stated points or issues. An appellant's failure to comply with Rule 34.6(c)(1) results in a
presumption that the omitted parts of the record are relevant to the disposition of the
appeal, and that they support the trial court's ruling. Christiansen v. Prezelski, 782
S.W.2d 842 (Tex. 1990); Gardner v. Baker & Botts, L.L.P., 6 S.W.3d 295, 298 (Tex.
App.--Houston [1st Dist.] 1999, pet. denied). (3) 

 The Texas Supreme Court has not required literal compliance with the rule. See
Schafer v. Conner, 813 S.W.2d 154, 155 (Tex. 1991); Gallagher v. Fire Ins. Exch., 950
S.W.2d 370 (Tex. 1997); and Furr's Supermarkets, Inc. v. Bethune, 53 S.W.3d 375, 377
(Tex. 2001). However, in Bennett v. Cochran, 96 S.W.3d 227 (Tex. 2002), we are
instructed that "complete failure" to file the required statement of points would require the
appellate court to affirm the trial court's judgment. Id. at 229. (4) If an appellant fails to
comply with Rule 34.6(c)(1), the presumption of Rule 34.6(c)(4) is not invoked and the
contrary presumption arises: the reviewing court presumes that the missing portions of the
record do contain relevant evidence and that the omitted evidence supports the trial court's
judgment. CMM Grain Co., Inc. v. Ozgunduz, 991 S.W.2d 437, 439 (Tex. App.--Fort
Worth 1999, no pet.).

 Coleman raises four points of error in his brief to the Court. In his first and third
points, Appellant contends that Carpentier, having obtained a judgment only against the
corporation in 1989, cannot now obtain a judgment against an individual who was not
named in the original judgment. To the extent that appellant is arguing that no liability
may ever be imposed upon an entity after related litigation has been reduced to judgment,
he is incorrect. Matthews Constr. Co., Inc. v. Rosen, 796 S.W.2d 692, 694 (Tex. 1990),
recognized the possibility of bringing a second suit against an alter ego to collect a prior
judgment. Here, the trial court instructed the jury that it could find Appellant to be
responsible for the conduct of the corporation if Appellant caused the corporation to be
used for the purpose of perpetuating, and did perpetuate an actual fraud on Appellee,
primarily for the direct personal benefit of Coleman. See Tex. Bus. Corp. Act Ann. art.
2.21 (Vernon 2003). As we do not have the reporter's record to review, we must presume
that the evidence adduced at trial supported the judgment to disregard the corporate fiction. 
Christiansen, 782 S.W.2d at 843. Likewise, Coleman was sued in his individual capacity
in the suit on appeal, and we must presume that evidence at trial supported the issues
submitted to the jury. Points of Error One and Three are overruled. 

 The second point of error argues that the trial court erred in entering judgment
against Coleman because Appellant pleaded and proved his limitations defense. In the
absence of a reporter's record of the trial, we must presume that the evidence admitted at
trial supports the judgment. Id. at 843. Point of Error Two is overruled.

 Finally, Coleman argues that the trial court erred in failing to award costs to the
three successful defendants in the case. We cannot grant a party who does not file a notice
of appeal more favorable relief than did the trial court except for just cause. Tex. R. App.
P. 25.1(c). In addition, the presumption arising from an incomplete record operates to
preclude reversal on assessment of costs. See Marion v. Davis, 106 S.W.3d 860, 869
(Tex. App.--Dallas 2003, pet. denied). We overrule Point of Error Four and affirm the
judgment of the trial court.

 AFFIRMED.


 PER CURIAM


Submitted on November 12, 2003

Opinion Delivered March 25, 2004


Before McKeithen, C.J., Burgess and Gaultney, JJ.
1. Because a complete reporter's record was not requested or filed in this case, see
infra, the background factual information is derived from the pleadings. The various
Coleman entities are emphasized because the nature of the suit makes these entities
important. 
2. It is alleged that Robert C. Coleman is the son of Robert Coleman. 
3. These cases cite former appellate Rule 53(d). Unlike the former rule, current Rule
34.6(c) permits a challenge to the legal and factual sufficiency of the evidence by an
appellant who files a partial reporter's record. Bennett v. Cochran, 96 S.W.3d 227, 228
(Tex. 2002). Otherwise, the present rule is substantively indistinguishable from its
predecessor. See Gardner, 6 S.W.3d at 296, n.1. In contrast to former appellate Rule
50(d), under current Rule 35.3, the appellant no longer bears the burden of ensuring that
the record of the trial is filed in the appellate court. See Tex. R. App. P. 35.3(b). 
Nevertheless, different presumptions operate depending upon the appellant's compliance
with the procedure for limited appeals.
4. In Bennett, the Court stated that ". . . litigants who ignore our rules do so at the
risk of forfeiting appellate relief." 96 S.W.3d at 230.