# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00354-CV

**Meera Singh and Sam Houston, Appellants**

**v.**

**Federal National Mortgage Association a/k/a Fannie Mae, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 4 OF WILLIAMSON COUNTY
### NO. 14-0635-CC4, HONORABLE JOHN MCMASTER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Meera Singh and Sam Houston (collectively, appellants) appeal a trial court judgment in a forcible detainer action awarding Federal National Mortgage Association a/k/a Fannie Mae possession of residential real property in Williamson County (the Property). We will affirm.

A forcible detainer is a procedure to determine the right to immediate possession of real property where there is no unlawful entry.[1] It is intended to be a speedy, inexpensive, summary procedure for obtaining possession without resorting to a suit on the title.[2] To prevail in a forcible detainer action, a party must only show sufficient evidence of ownership to demonstrate a superior right to immediate possession.[3] A forcible detainer action will lie when a person in possession of

---

[1] *Williams v. Bank of New York Mellon*, 315 S.W.3d 925, 926 (Tex. App.—Dallas 2010, no pet.).

[2] *Id.* at 926-27 (citing *Scott v. Hewitt*, 90 S.W.2d 816, 818-19 (Tex. 1936)).

[3] *Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.) (observing that a "plaintiff is not required to prove title"); *see also* Tex. R. Civ. P. 510.3(e) (in an eviction suit the "court must adjudicate the right to actual possession and not title").

real property refuses to surrender possession on demand if the person is a tenant at will or by sufferance, "including an occupant at the time of foreclosure of a lien superior to the tenant's lease."[4] To establish forcible detainer, Fannie Mae had to prove: (1) it was the owner of the property in question, (2) appellants were occupants at the time of foreclosure, (3) the foreclosure was of a lien superior to the appellants' right to possession, (4) Fannie Mae made a written demand for possession in accordance with section 24.005 of the Property Code, and (5) appellants refused to vacate.[5]

In challenging the trial court's judgment, appellants, who are pro se, have advanced a wide-ranging series of complaints, scattered throughout multiple filings, that extend far beyond the typically narrow focus of a forcible detainer action to encompass allegations of various asserted constitutional violations, "abuses," "sham" or "perjury" by opposing counsel, "bias" or "gross prejudicial behavior" by the trial court, and the like. We have done our best to navigate appellants' filings and identify their legally material substantive contentions. As best we can discern these,[6] appellants chiefly attempt to challenge: (1) trial court rulings admitting or excluding evidence; (2) the procedural validity of the foreclosure sale; (3) the trial court's jurisdiction to hear the suit (insisting that a "title dispute" exists because Singh managed to avoid foreclosure by conveying the Property to Houston); (4) "bias" on the part of the trial court; and (5) the trial court's denial

---

[4] *See* Tex. Prop. Code § 24.002(a)(2).

[5] *See id*. §§ 24.002, .005; *Murphy v. Countrywide Home Loans, Inc.*, 199 S.W.3d 441, 445 (Tex. App.—Houston [1st Dist.] 2006, pet. denied).

[6] To the extent appellants have intended to present arguments beyond those we have identified, we conclude they were inadequately briefed and therefore waived. *See* Tex. R. App. P. 38.1(i); *Fredonia State Bank v. General Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994). Although appellants are acting pro se, we are bound to apply the same procedural and substantive standards to them as with litigants represented by counsel, lest we give them an unfair advantage. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978).

of a motion for continuance they filed on the day of trial. In the procedural posture of this appeal, appellants cannot show reversible error based on any of these contentions.

In the absence of findings of fact and conclusions of law—and there are none here—we imply that the trial court found all material facts necessary to support the judgment that are supported by the evidence.[7] Moreover, because no reporter's record has been brought forward on appeal, we presume that these implied findings by the trial court were indeed supported by sufficient evidence.[8] Accordingly, we must presume that Fannie Mae presented sufficient evidence to establish its right to immediate possession of the Property as required to prevail in its action.[9] Similarly, in the absence of a record, appellants cannot show any reversible error from any rulings admitting or excluding evidence,[10] any asserted defects in the foreclosure sale,[11] the existence of any

---

[7] *See Moncrief Oil Int'l, Inc. v. OAO Gazprom*, 414 S.W.3d 142, 150 (Tex. 2013); *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990) (per curiam).

[8] *Willms v. Americas Tire Co., Inc.*, 190 S.W.3d 796, 803 (Tex. App.—Dallas 2006, pet. denied); *see Bennett v. Cochran*, 96 S.W.3d 227, 229-30 (Tex. 2002) (per curiam) ("'The court of appeals was correct in holding that, absent a complete record on appeal, it must presume the omitted items supported the trial court's judgment.'" (quoting *Gallagher v. Fire Ins. Exch.*, 950 S.W.2d 370, 370-71 (Tex. 1997))).

[9] *See, e.g.*, *Heckendorn v. First Mortg. Co., LLC*, No. 13-12-00451-CV, 2013 WL 5593520, at *4-5 (Tex. App.—Corpus Christi July 29, 2013, no pet.) (mem. op.) (holding in absence of reporter's record, appellate court would presume evidence supported trial court's ruling in forcible detainer suit).

[10] *See, e.g.*, *Perez v. Spring Branch Indep. Sch. Dist.*, No. 14-10-00058-CV, 2011 WL 742601, at *2-3 (Tex. App.—Houston [14th Dist.] Mar. 3, 2011, pet. denied) (mem. op.) (per curiam) (in absence of reporter's record, reviewing court had "no record of what . . . evidence at trial was," and therefore had "no basis to review" appellant's issues challenging the trial court's evidentiary rulings).

[11] *See, e.g.*, *Jaimes v. Federal Nat'l Mortg. Ass'n*, No. 03-13-00290-CV, 2013 WL 7809741, at *3-4 (Tex. App.—Austin Dec. 4, 2013, no pet.) (mem. op.) (rejecting arguments premised on alleged defects in foreclosure proceedings where evidence in record provided trial court with independent basis to determine issue of immediate possession).

asserted "title dispute,"[12] alleged "bias" by the trial court or "abuse" by opposing counsel,[13] or the denial of a continuance.[14]

Two additional arguments warrant further mention, however. First, appellants assert that this Court and the trial court lacked jurisdiction because the underlying proceedings violated an automatic stay arising from chapter 7 bankruptcy proceedings that Houston had initiated shortly after the trial court had signed its final judgment awarding Fannie Mae possession of the Property.[15] However, "[a] bankruptcy court may annul a stay to validate actions taken during the period of time covered by the stay,"[16] and that is precisely what the federal court did in Houston's bankruptcy case. Specifically, we take judicial notice that on June 25, 2014, the federal court ordered that the automatic stay be "annulled and terminated *ab initio* with respect to Fannie Mae, the Property, and any action by Fannie Mae to obtain possession of the Property in state

---

[12] *See Yarto v. Gilliland*, 287 S.W.3d 83, 92 (Tex. App.—Corpus Christi 2009, no pet.) (holding that if party fails to present "'specific evidence to raise a genuine title dispute, the jurisdiction of the court [is] never at issue'" (quoting *Falcon v. Ensignia*, 976 S.W.2d 336, 338 (Tex. App.—Corpus Christi 1998, no pet.))).

[13] *See, e.g.*, *Gall v. Allstate Cnty. Mut. Ins. Co.*, No. 09-99-00296-CV, 2000 WL 235148, at *1-2 (Tex. App.—Beaumont Mar. 2, 2000, no pet.) (not designated for publication) (holding that without reporter's record, court could not decide points of error related to alleged judicial bias and improper behavior on the part of opposing counsel).

[14] *See, e.g.*, *Cantu v. Federal Nat'l Mortg. Ass'n*, No. 02-11-00293-CV, 2012 WL 955363, at *2-3 (Tex. App.—Fort Worth Mar. 22, 2012, no pet.) (mem. op.) (in absence of reporter's record, appellate court could not conclude trial court abused its discretion in denying motion for continuance in forcible detainer action).

[15] *See* 11 U.S.C. § 362(a).

[16] *Ramey v. Bank of New York*, No. 14-06-00824-CV, 2010 WL 2853887, at *1 (Tex. App.—Houston [14th Dist.] July 22, 2010, pet. dism'd w.o.j.) (mem. op.) (citing *Goswami v. Metropolitan Sav. & Loan Ass'n*, 751 S.W.2d 487, 489 (Tex. 1988) (citing *Claude Regis Vargo Enters., Inc. v. Bacarisse*, 578 S.W.2d 524, 527 (Tex. Civ. App.—Houston [14th Dist.] 1979, writ ref'd n.r.e.))).

or federal court."[17] The federal court added that Houston had "filed this bankruptcy case to hinder and delay Fannie Mae from its legitimate rights."[18] Accordingly, appellants' attempt to rely on the now-annulled bankruptcy stay is without merit.[19]

Finally, appellants complain that the trial court reversibly erred in denying it a jury trial. "The United States and Texas Constitutions guarantee the right to trial by jury."[20] However, that right in a civil case is not self-executing:  to invoke and perfect the right to a jury trial in a civil case a party must comply with the applicable Rules of Civil Procedure. Rule 216 requires a party "to make a jury request and pay the jury fee 'a reasonable time before the date set for trial of the cause on the non-jury docket, but not less than thirty days in advance.'"[21] Similarly, in rules governing

---

[17] *See In re George Sam Houston*, No. 14-10960-TMD (Bankr. W.D. Tex. June 25, 2014); *see also* Tex. R. Evid. 201(b)(2), (d) (governing judicial notice); *Office of Pub. Util. Counsel v. Public Util. Comm'n*, 878 S.W.2d 598, 600 (Tex. 1994) (per curiam) (observing that courts may take judicial notice for first time on appeal).

[18] Further, the federal court subsequently dismissed the bankruptcy case for Houston's failure to file necessary information in a timely fashion, as well as his related adversary proceeding. *See In re George Sam Houston*, Nos. 14-10960-TMD, 14-1074 (Bankr. W.D. Tex. Aug. 12, 2014).

[19] *See Ramey*, 2010 WL 2853887, at *1 (holding in forcible detainer action that debtors were not entitled to protection of automatic stay where bankruptcy court had previously annulled the stay and validated foreclosure sale).

[20] *Mercedes-Benz Credit Corp. v. Rhyne*, 925 S.W.2d 664, 666 (Tex. 1996) (citing U.S. Const. art. III, § 2; Tex. Const. art. I, § 15).

[21] *Id*. (quoting Tex. R. Civ. P. 216).  Rule 216 provides in full:

a. Request.  No jury trial shall be had in any civil suit, unless a written request for a jury trial is filed with the clerk of the court a reasonable time before the date set for trial of the cause on the non-jury docket, but not less than thirty days in advance.

b.  Jury fee.  Unless otherwise provided by law, a fee of ten dollars if in the district court and five dollars if in the county court must be deposited with the clerk

forcible detainer actions,[22] Rule 510.7 provides that "[a]ny party may file written demand for trial by jury by making a request to the court at least 3 days before the trial date," and that "[t]he demand must be accompanied by payment of a jury fee or by filing a sworn statement of inability to pay the jury fee."[23]

Trial courts have discretion to allow a jury trial, notwithstanding a party's failure to timely request one, "if it can be done without interfering with the court's docket, delaying the trial, or injuring the opposing party."[24] We review a trial court's refusal to grant a jury trial under an abuse-of-discretion standard.[25] We examine the entire record and will conclude that the trial court abused its discretion only if its decision was arbitrary, unreasonable, and without reference to guiding principles.[26]

---

of the court within the time for making a written request for a jury trial. The clerk shall promptly enter a notation of the payment of such fee upon the court's docket sheet.

Tex. R. Civ. P. 216.

[22] *See id.* R. 510.1 ("Rule 510 applies to a lawsuit to recover possession of real property under Chapter 24 of the Texas Property Code.").

[23] *Id.* R. 510.7.

[24] *General Motors Corp. v. Gayle*, 951 S.W.2d 469, 476 (Tex. 1997) (orig. proceeding); *Askew v. State*, No. 03-03-00661-CV, 2005 WL 121862, at *2 (Tex. App.—Austin Jan. 21, 2005, no pet.) (mem. op.) (holding trial court did not abuse its discretion in denying late request for jury trial where appellant did not show "lack of disruption, delay or injury" and "only indication in the record [was] that the court's time was limited").

[25] *See Mercedes-Benz Credit Corp.*, 925 S.W.2d at 666; *Brown v. Apex Realty*, 349 S.W.3d 162, 165 (Tex. App.—Dallas 2011, pet. dism'd).

[26] *Mercedes-Benz Credit Corp.*, 925 S.W.2d at 666 (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985)).

The clerk's record reflects that trial had been set for May 23, 2014 and proceeded on that day. Appellants assert that they filed a request for a jury trial on the preceding day, May 22, 2014, and that "on or about that date" the clerk "waived" the applicable jury fee. Assuming this to be so,[27] appellants' request for a jury trial was untimely under either Rule 216 or Rule 510.7.[28] On the record before us, appellants have not shown that the trial court abused its discretion in declining to grant their untimely request for a jury trial.

## CONCLUSION

We affirm the trial court's judgment.

_____

Bob Pemberton, Justice

Before Justices Puryear, Pemberton, and Field

Affirmed

Filed: December 5, 2014

---

[27] The clerk's record does not contain a copy of this request or any indication that the related fee was waived. Because it does not affect our ultimate disposition, we assume without deciding that the request was filed and the fee was waived, as appellants claim.

[28] *See Huddle v. Huddle*, 696 S.W.2d 895, 895 (Tex. 1985) (per curiam) (holding trial court did not abuse its discretion in denying request for jury trial made on day before trial); *Brown*, 349 S.W.3d at 165-67 (same, in forcible detainer action); *see also Cantu*, 2012 WL 955363, at *1-2 (same).