

# NUMBER 13-21-00151-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

CYNTHIA V. BOLINGER,                                          Appellant,

v.

MARIA GUADALUPE CONTRERAS,                                   Appellee.

### On appeal from the County Court of Law No. 3
### of Cameron County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Silva
Memorandum Opinion by Justice Silva**

In this forcible detainer action, appellant Cynthia V. Bolinger appeals the trial court's judgment awarding appellee Maria Guadalupe Contreras possession of certain real property. Upon review of the documents before the Court, it appeared that the appeal was moot, and the Court thereafter requested a response from Bolinger. Bolinger has not responded. We vacate the trial court's judgment and dismiss the case for want of

jurisdiction.

## I. BACKGROUND

On March 9, 2021, a judgment of eviction against Bolinger and in favor of Contreras was issued by the justice of the peace court. An appeal bond was set at $1,500, and Bolinger was further ordered to pay $300, a monthly rental amount during the pendency of her appeal.

On March 15, 2021, Bolinger appealed the judgment of eviction to the county court. Contreras subsequently filed a motion to dismiss Bolinger's appeal on April 12, 2021, citing Bolinger's failure to timely execute an appeal bond or file a compliant affidavit of inability to pay.[1] *See* TEX. R CIV. P. 143a (requiring an appellant "to pay the costs on appeal from a judgment of a justice of the peace or small claims court within twenty (20) days"); TEX. PROP. CODE ANN. § 24.0052 (requiring an affidavit claiming indigency in an appeal of judgment from the justice court to be filed no later than the fifth day after judgment is signed and setting out what information must be contained in the affidavit). On April 29, 2021, Contreras filed a request for writ of possession of the subject property.

On May 12, 2021, following a hearing on Contreras's pending motions, the county court dismissed the cause and granted Contreras's motion for writ of possession in a single order that included several findings of fact and conclusions of law.[2] *See* TEX. R.

---

[1] Bolinger filed a "Statement of Inability to Afford Payment of Court Costs or an Appeal Bond" one day late on March 15, 2021, wherein Bolinger reported $1,400 in total monthly expenses and indicated that she was a "self[-]employed[]business owner" but listed $0 in total monthly income and other financial assets. *See* TEX. PROP. CODE ANN. § 24.0052. Bolinger further swore that she did not receive needs-based public benefits, and she was "neither indigent or poor, but rather free of levy." Listed debts included "stolen identity, businesses, property."

[2] A reporter's record was not provided on appeal, but the county court's issued order makes explicit reference to the hearing on Contreras's motions.

CIV. P. 510.13. In relevant part, the order stated: Bolinger's affidavit of inability to pay the appeal bond did not meet statutory requirements; Bolinger failed to pay her court-ordered rent during the pendency of the appeal; Bolinger was invited into the subject property as a guest for a period of two weeks and thereafter refused to leave; Bolinger never paid rent in the fourteen months that she resided at the subject property; Bolinger was not credible in her testimony because "no reasonable person would believe [a lease] does not require any rental payments"; and Bolinger may be removed from the subject property, alternatively, on grounds that she is a "squatter and trespasser."

Bolinger filed an appeal to this Court. On May 27, 2021, Bolinger filed a motion for emergency stay wherein she requested a stay of the execution of the writ of possession. Following Bolinger's implicit representations that the writ had not yet been executed and that she had actual possession of the subject property,[3] this Court granted Bolinger's request for stay on May 28, 2021, pending further order of this Court or until this case was finally decided. *See* TEX. R. APP. P. 52.10(b) ("Unless vacated or modified, an order granting temporary relief is effective until the case is finally decided."). This Court additionally ordered Contreras to submit a response within ten days of the order.

On June 4, 2021, Contreras informed this Court that Bolinger vacated the premises prior to her request for emergency stay and that Bolinger is no longer in possession of the subject property. Contreras prayed, in part, that this Court dismiss Bolinger's appeal. On June 7, 2021, the Clerk of this Court notified Bolinger that this Court was without

---

[3] Bolinger argued the following in her motion for stay: "Whereas the execution of this [writ of possession] order will make Appellant homeless on the street while pregnant in a pandemic. This represents probable, immenant [sic], and irreparable harm to an unborn child as well as Appellant."

jurisdiction to proceed if Bolinger was not in possession of the subject property or able to demonstrate a potentially meritorious claim of right to current, actual possession of the subject property. Bolinger was advised that, if this Court did not receive a response within ten days from the date of receipt of the notice confirming the existence of Bolinger's meritorious claim of right to current, actual possession of the subject property, Bolinger's appeal would be dismissed for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), (c) (providing the appellate court may dismiss the appeal for want of jurisdiction or "because the appellant has failed to comply with . . . a notice from the clerk requiring a response or other action within a specified time"). More than ten days have elapsed, and Bolinger has not filed a response.

## II.    MOOTNESS

Appellate courts lack jurisdiction to decide moot controversies and render advisory opinions. *See* TEX. CONST. art. II, § 1; *In re J.J.R.S.*, No. 20-0175, __ S.W.3d __, __, 2021 WL 2273722, at *11 (Tex. June 4, 2021); *see also State ex rel. Best v. Harper*, 562 S.W.3d 1, 7 (Tex. 2018) (providing that appellate courts must consider our jurisdiction sua sponte[4]). A case becomes moot if at any stage there ceases to be an actual controversy between the parties. *Glassdoor, Inc. v. Andra Grp., LP*, 575 S.W.3d 523, 527 (Tex. 2019); *Nat'l Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999). Whether a plaintiff's claims have become moot is a question of law that we review de novo. *Alanis v. Wells Fargo Bank Nat'l Ass'n*, 616 S.W.3d 1, 5 (Tex. App.—San Antonio 2020, pet. denied).

---

[4] Although Contreras has requested that this Court dismiss Bolinger's appeal, complaining that Bolinger is no longer in possession of the subject property, Contreras has not explicitly raised the issue of mootness or lack of jurisdiction.

The only issue in an action for forcible detainer is the right to actual possession of the premises. *See Marshall v. Hous. Auth. of San Antonio*, 198 S.W.3d 782, 785 (Tex. 2006); *Abraham v. Victory Apartments*, 578 S.W.3d 659, 662 (Tex. App.—Houston [14th Dist.] 2019, no pet.). Where a defendant is no longer in possession of the subject property, an appeal from the judgment in a forcible detainer case is moot unless the defendant can nonetheless assert a "potentially meritorious claim of right to current, actual possession." *Marshall*, 198 S.W.3d at 787; *see also Quezada v. KGMH Prop. Invs., LLC*, No. 13-19-00478-CV, 2020 WL 3396601, at *1 (Tex. App.—Corpus Christi–Edinburg June 18, 2020, no pet.) (mem. op.) (dismissing an appeal for want of jurisdiction after appellant failed to assert a potentially meritorious claim of right to current, actual possession following the execution of a writ of possession).

Here, Bolinger does not dispute that she is no longer in possession of the subject property nor does she assert a potentially meritorious claim of right to current, actual possession of the premises following this Court's request that she address the possible jurisdictional defect. *See Marshall*, 198 S.W.3d at 787; *see also Anthony v. Seaside Rentals*, No. 13-17-00178-CV, 2019 WL 303037, at *2 (Tex. App.—Corpus Christi–Edinburg Jan. 24, 2019, no pet.) (mem. op.) ("[A] judgment of possession in a forcible detainer action is not intended to be a final determination of whether the eviction is wrongful; rather it is a determination of the right to immediate possession.").

Even liberally construing Bolinger's notice of appeal,[5] wherein she lists several arguments we presume she intended to raise in her brief on appeal, Bolinger's

---

[5] Bolinger's notice of appeal does not comply with Rules 9.5 or 25.1(d)(2). *See* TEX. R. APP. P. 9.5, 25.1(d)(2).

enumerated complaints would not support a right to current, actual possession. Bolinger argues: (1) the county court lacked jurisdiction over the appeal from the justice of the peace court, citing to an appellate case from North Carolina;[6] (2) the case should have been tried before a jury, and the county court's failure to do so was in violation of federal rules of civil procedure;[7] (3) the county court committed fraud and violated the "Judicial Code of Ethics" when the court "handed over writing his judgment to the prosecution lawyer";[8] (4) "unlawful judgments have been passed in favor of such fraud upon the court as well as motions which clearly violate the controlling statutory limitations"; [9] (5) Contreras and the county court could not "maintain a basis of argu[]ment for the cause (tenant, squatter, or trespasser)";[10] (6) the county court prematurely issued a judgment

---

[6] Jurisdiction to hear forcible detainer actions is vested in justice courts and on appeal, in county courts for a trial de novo. *See* TEX. PROP. CODE ANN. §§ 24.001–.011; TEX. R. CIV. P. 510.10(c); *Brumley v. McDuff*, 616 S.W.3d 826, 832 (Tex. 2021). A justice court, however, has no jurisdiction to adjudicate title to land. TEX. GOV'T CODE ANN. § 27.031(b). Neither party claims that title to land is at issue here.

[7] A contention that the trial court improperly denied an appellant her right to a jury trial does not constitute a "basis for claiming a right of possession." *See Marshall*, 198 S.W.3d at 787; *see also Quezada*, 2020 WL 3396601, at *2 (dismissing an appeal as moot following an appellant's failure to assert a right to current, actual possession of property where she argued the trial court improperly denied her jury trial request).

[8] We note that as a matter of practicality, one party will often draft a proposed order for the trial court to sign. We fail to see how such argument would provide a basis for claiming right of possession, and we have found no case law in support of Bollinger's proposition.

[9] Bolinger specifically asserts legal principles not applicable to the proceeding before us.

[10] The challenge of a basis for the county court's judgment does not demonstrate right to immediate possession. *See Marshall*, 198 S.W.3d at 787; *see, e.g.*, *Anthony*, 2019 WL 303037, at *2 (concluding that appellant's assertions that "the county court erred by excluding evidence relating to wrongful eviction[;] the county court's ruling was irrational[; and] the county court abused its discretion in rendering the judgment" presented no basis for claiming a right to immediate possession). Moreover, the reporter's record does not appear in the appellate record. Because there is no reporter's record, we must presume the missing record would support the trial court's decision. *See Bennett v. Cochran*, 96 S.W.3d 227, 229–30 (Tex. 2002) (per curiam) ("'The court of appeals was correct in holding that, absent a complete record on appeal, it must presume the omitted items supported the trial court's judgment.'" (quoting *Gallagher v. Fire Ins. Exch.*, 950 S.W.2d 370, 371 (Tex. 1997))); *see also Heckendorn v. First Mortg. Co., LLC*, No. 13-12-00451-CV, 2013 WL 5593520, at *4 (Tex. App.—Corpus Christi–Edinburg July 29, 2013, no pet.) (mem. op.).

following a hearing on Contreras's motion for writ of possession, which superseded a previously scheduled "Final Court Tr[ia]l" date;[11] (7) the eviction action was retaliatory;[12] and (8) the CDC moratorium on evictions applies.[13]

Having considered the aforementioned, we conclude that the issue of current, actual possession is moot. *See Marshall*, 198 S.W.3d at 787; *see also Cholick v. TSPC Bros., LLC*, No. 13-17-00622-CV, 2018 WL 1325795, at *1 (Tex. App.—Corpus Christi–Edinburg Mar. 15, 2018, no pet.) (mem. op.) (dismissing an appeal for want of jurisdiction after appellant failed to respond to the Court's inquiry as to its jurisdiction and failed to assert a potentially meritorious claim of right to current, actual possession). Accordingly, we must vacate the trial court's judgment and dismiss the case for want of jurisdiction. *See* TEX. R. APP. P. 43.2(e); *Glassdoor*, 575 S.W.3d at 527 ("If a case becomes moot, the court must vacate all previously issued orders and judgments and dismiss the case for want of jurisdiction."); *Marshall*, 198 S.W.3d at 788 ("One purpose of vacating the

---

[11] We have found no case law in support of Bollinger's proposition.

[12] A counterclaim of retaliation does not constitute a live controversy for purposes of maintaining a forcible detainer action appeal where appellant is no longer in possession of the property. *See* TEX. PROP. CODE ANN. § 92.335; TEX. R. CIV. P. 510.3(e); *see also Retledge v. Santana*, No. 04-19-00343-CV, 2021 WL 2118370, at *2 (Tex. App.—San Antonio May 26, 2021, no pet.) (mem. op.) (dismissing an appeal as moot where appellant is no longer in possession of the property and asserts a counterclaim of retaliation); *Anthony*, 2019 WL 303037, at *2 (observing the same).

[13] We have found no caselaw which establishes what effect, if any, the CDC moratorium has on already effectuated removals in forcible entry and detainer appeals. *See* Temporary Halt in Residential Evictions to Prevent the Further Spread of COVID-19, 86 Fed. Reg. 8,021 (Feb. 3, 2021); Temporary Halt in Residential Evictions to Prevent the Further Spread of COVID-19, 85 Fed. Reg. 55,292 (Sept. 4, 2020); *see also Thirty-Ninth Emergency Order Regarding COVID-19 State of Disaster*, No. 21-9078 (Tex. July 19, 2021) ("[S]o long as a writ of possession has not issued, the judge must: a. set aside any judgment . . . ."). We note, however, that "successful prosecution of a forcible entry and detainer suit does not bar a later action for wrongful eviction." *Magcobar N. Am. v. Grasso Oilfield Servs.*, 736 S.W.2d 787, 797 (Tex. App.—Corpus Christi–Edinburg 1987), *writ dism'd*, 754 S.W.2d 646 (Tex. 1988); *see also Caruso v. Young*, No. 13-16-00376-CV, 2017 WL 3634057, at *3 (Tex. App.—Corpus Christi–Edinburg Aug. 1, 2017, pet. denied) (mem. op.).

underlying judgment if a case becomes moot during appeal is to prevent prejudice to the rights of parties when appellate review of a judgment on its merits is precluded.").

### III.    CONCLUSION

We vacate the trial court's judgment and dismiss the case for want of jurisdiction.


CLARISSA SILVA
Justice

Delivered and filed on the
5th day of August, 2021.