**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-22-00377-CV**
_____

**ELTON JAMES SENEGAL, Appellant**

**V.**

**MR. TRANSMISSION AND LELAND RICHARDS, Appellees**

On Appeal from the County Court at Law No. 1
Jefferson County, Texas
Trial Cause No. 134991

**MEMORANDUM OPINION**

Pro se Appellant Elton James Senegal appeals from the trial court's Take-Nothing Judgment in favor of Appellees Mr. Transmission and Leland Richards (collectively "Appellees" or "Defendants"). Appellant failed to provide a reporter's record. We overrule Appellant's issues on appeal, and we affirm the trial court's judgment.

1

## Background

On June 25, 2019, Senegal filed a petition in Justice of the Peace Court, Precinct 1 in Jefferson County, Texas against Defendants. Therein, Senegal alleged that he took his truck to the Defendants' shop to repair the transmission, and when he returned, the engine was "burn up frozen." Senegal sought damages of $9500. The Defendants filed a general denial answer. The matter was tried to a jury on February 6, 2020, the jury rendered a verdict for Defendants, and the Justice Court signed a Judgment for Defendant[s] ordering that the Defendants be awarded costs in the amount of $121 and that Senegal take nothing.

On February 18, 2020, Senegal appealed to the County Court at Law No.1 in Jefferson County ("the trial court"). The Defendants filed Special Exceptions, alleging, in relevant part, "No theory of liability is alleged against either Defendant, and no facts are claimed supporting the alleged calculation of measure of damages. Defendants, therefore, have not been put on sufficient notice of how to defend Plaintiff's claims."

Defendants propounded Requests for Admissions to Senegal on or about November 6, 2020. Having received no response from Senegal, Defendants filed a Motion for Summary Judgment on September 20, 2021, alleging: Mr. Transmission performed no work on Senegal's engine; Senegal had no evidence that Mr. Transmission breached any obligation to Senegal; Mr. Transmission was not

negligent and its actions were not the proximate cause of any of Senegal's damages; Leland Richards acted in the course and scope of his employment and bore no personal liability to Senegal; Senegal's vehicle had more than 200,000 miles on it when taken to Mr. Transmission; and there was no genuine issue of material fact and the Defendants were entitled to judgment as a matter of law. The Defendants also alleged that, because Senegal failed to timely admit, deny, or object to Requests for Admissions, the following are deemed admitted: Richards was acting in the course and scope of his employment with Mr. Transmission; Richards has no personal liability for the acts of Mr. Transmission; Mr. Transmission performed no work on Senegal's engine; Mr. Transmission was not negligent and did not breach any obligation to Senegal; and Mr. Transmission's acts were not a proximate cause of any of Senegal's damages.[1]

On October 6, 2021, the trial court signed an Order granting Defendants' special exceptions and ordering Senegal to amend his petition to state more specifically all legal theories on which he relies. The Order gave a deadline of November 4, 2021, for Senegal to file his amended petition. When Senegal did not file an amended petition by the stated deadline, Defendants filed a Motion to Dismiss. About a week later, Senegal filed an Amended Petition alleging that he

---

[1] Senegal served his response to the Requests for Admissions on October 11, 2021, and the record gives no indication that he requested leave of court to serve his late response or his amended petition.

3

paid Mr. Transmission $1120 for repairs, the repairs were deficient and negligent and led to a fire in the engine, and Senegal had to purchase a rebuilt transmission. Senegal sought actual and exemplary damages in excess of $40,000.

The Defendants filed a Motion to Strike Responses, asking the trial court to strike Senegal's responses to Request for Admissions and deem the matters addressed as admitted as a matter of law because Senegal did not respond within 30 days of service, as required by the Rules of Civil Procedure. *See* Tex. R. Civ. P. 198.2(a). Defendants also filed a Motion to Strike Plaintiff's Amended Petition because it was filed on November 23, 2021—19 days after the November 4, 2021 deadline ordered by the trial court.[2]

On December 30, 2021, Senegal filed his response to Defendants' Motion for Summary Judgment. Therein, Senegal alleged, in relevant part:

> Plaintiff asserts that he was not served with Defendant's Request for Admissions as presented to the Court as presented by Exhibit A attached to Defendant's Motion for Summary Judgment nor was Plaintiff aware of the Court's order signed by the Court on October 6, 2021 requiring Plaintiff to amend his pleadings by November 4, 2021.

The clerk's record reflects that a jury was selected, and the case was tried on October 24, 2022. The trial court entered a Take-Nothing Judgment that reads,

---

[2] Our record does not include orders granting or denying these motions. A docket entry dated February 25, 2022 indicates that the trial court determined that Senegal's pleading was sufficient "to go forward with the case[]" and proceed with trial.

4

On this the 24th day of October, 2022, came on to be heard the above-referenced cause and, at the close of Plaintiff ELTON JAMES SENEGAL's case, Defendants MR. TRANSMISSION and LELAND RICHARDS filed a motion for instructed verdict. The Court, after considering the evidence and hearing arguments of counsel, is of the opinion that said Motion has merit, and instructed the jury to return a Take-Nothing Judgment in favor of Defendants. It is, therefore,

ORDERED, ADJUDGED and DECREED that Plaintiff ELTON JAMES SENEGAL have and recover nothing from Defendants MR. TRANSMISSION and LELAND RICHARDS herein. It is further,

ORDERED that each party shall bear its own costs.

Appellate Issues

Senegal timely filed a notice of appeal. His pro se appeal argues that the trial court's ruling was unfair, that the Justice Court allowed a Mr. Transmission employee to be on the jury, and that the damages sought were "not qualified for the County Court jurisdiction because it started in Justice Court, Small Claims." Senegal also asked for the case to be transferred to a Justice Court in Port Arthur or Orange, Texas. Appellees did not file a brief; however, they filed a Motion to Strike Appellant's Brief for failure to comply with briefing requirements in Texas Rule of Appellate Procedure 38.1. Appellees also filed a Motion to Dismiss Appeal for want of prosecution because Appellant had not requested nor paid for the clerk's record and because the appellate record was not sufficient for this Court to rule on the issues Appellant raised.

5

Analysis

Our appellate record includes the clerk's record from the trial court but it does not include a reporter's record, and a letter filed December 15, 2022, by the court reporter states that Appellant did not make payment arrangements to produce the reporter's record. This Court notified Appellant of the missing reporter's record, gave a deadline to file the reporter's record of December 27, 2022, and advised that it would proceed on the clerk's record alone unless we received by January 26, 2023, of either (1) proof of arrangements with the court reporter to pay the fee or (2) a motion stating why more time is necessary to file the record. Appellant subsequently filed a brief. Appellant did not file proof of arrangements to pay for the reporter's record nor did he file a motion for an extension of time to file the reporter's record. If no reporter's record is filed due to an appellant's fault, after giving an appellant notice and a reasonable opportunity to cure, the court may consider and decide the issues or points that do not require a reporter's record for a decision. *See* Tex. R. App. P. 37.3(c). If a reporter's record is necessary, and no reporter's record has been provided despite notice and opportunity to cure, then we will presume the omitted reporter's record supports the judgment. Tex. R. App. P. 34.6(c)(4); *Bennett v. Cochran*, 96 S.W.3d 227, 229 (Tex. 2002) (per curiam) ("[A]bsent a complete record on appeal, [the court of appeals] must presume the omitted items supported the trial

6

court's judgment.") (quoting *Gallagher v. Fire Ins. Exch.*, 950 S.W.2d 370, 371 (Tex. 1997)).

Appellant was pro se in the lower court proceedings and he is pro se on appeal. Generally, we construe an appellant's pro se brief liberally. *See Giddens v. Brooks*, 92 S.W.3d 878, 880 (Tex. App.—Beaumont 2002, pet. denied) ("pro se pleadings and briefs are to be liberally construed[]"). That said, a pro se litigant is held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978). The brief must articulate the issues we are to decide, and it fails to comply with the rules if we must speculate or guess about the appellant's issues. *Golden v. Milstead Towing & Storage*, Nos. 09-21-00043-CV, 09-21-00044-CV, 09-21-00045-CV, 2022 Tex. App. LEXIS 2988, at *4 (Tex. App.—Beaumont May 5, 2022, no pet.) (mem. op.). We are not an advocate for any of the parties, we do not search the record to identify possible or unassigned trial court error, and we do not search for facts or legal authorities that may support a party's position. *Id.*; *see also Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.) (explaining that an appellate court has no duty nor right to perform an independent review of the record and applicable law to determine there was error).

One of Appellant's issues on appeal concerns the jury in the Justice of the Peace Court. The Justice of the Peace Court is not a court of record, so there is no

record in a justice court. *Golden*, 2022 Tex. App. LEXIS 2988, at *5. An appeal from the Justice of the Peace Court to the County Court at Law is de novo, and the County Court at Law does not review any alleged errors made by the Justice Court. *See id.* (citing *Triple Crown Moving and Storage, LLC v. Ackerman*, 632 S.W.3d 626, 631 (Tex. App.—El Paso 2020, no pet.); *Villalon v. Bank One*, 176 S.W.3d 66, 69-70 (Tex. App.—Houston [1st Dist.] 2004, pet. denied) ("[P]erfection of an appeal to county court from a justice court for trial de novo vacates and annuls the judgment of the justice court.")). Therefore, any alleged errors in the Justice Court were mooted because the entire judgment in the Justice Court was set aside once the case was appealed to the County Court at Law. *See Triple Crown Moving and Storage, LLC*, 632 S.W.3d at 636. We overrule this alleged issue.

When a reporter's record is necessary for appellate review and the appellant fails to file the reporter's record, we presume the reporter's record supports the trial court's judgment. *See Radera, LLC v. Steelco, Inc.*, No. 09-16-00169-CV, 2017 Tex. App. LEXIS 7302, at *4 (Tex. App.—Beaumont Aug. 3, 2017, no pet.) (mem. op.). So, we presume the reporter's record in this case would support the trial court's judgment. Additionally, under Texas Rule of Civil Procedure 198.2, the party responding to Requests for Admissions must serve a written response on the requesting party within 30 days after service of the request. *See* Tex. R. Civ. P. 198.2(a). If a response is not timely served, the request is considered admitted

8

without the necessity of a court order. *See id.* 198.2(c). Without a reporter's record, we are unable to determine what issues were preserved for appellate review or what evidence was before the trial court at the time it rendered judgment. We cannot say that the trial court erred. Further, Appellant's alleged points of error fail to include a "succinct, clear, and accurate statement of the arguments" supported by citations to the record and to authority. *See* Tex. R. App. P. 38.1(h), (i); *Golden*, 2022 Tex. App. LEXIS 2988, at *4. Therefore, we overrule Appellant's issues and affirm the trial court's judgment.

AFFIRMED.

LEANNE JOHNSON
Justice

Submitted on October 6, 2023
Opinion Delivered October 12, 2023

Before Horton, Johnson and Wright, JJ.